RECEIVED
SDNY DOCKET UNIT

2018 SEP 11 PM 3:49

# No. 18-CV-4776

United States District Court for the Southern
District of New York

FELICIA PIERCE
*Appellant,*
-AGAINST-
BREITBURN ENERGY LP., ENTITIES
*Appellee.*

On Appeal from an Order of the
United States Bankruptcy Court Southern District of New York

## NOTICE

Felicia Pierce (Pro Se)
3708 Bluff Creek Lane
McKinney, TX 75070
972-876-9718
scorpio76140@gmail.com

WEIL, GOTSHAL & Manges LLP
Attorneys for Appellee
767 Fifth Avenue
New York, New York 10153
Ray C. Schrock P.C. Esq
Stephen Karotkin, Esq
Edward Soto, Esq

# <u>NOTICE</u>

**PLEASE TAKE NOTICE:** I, Felicia Pierce have a constitutional right to believe that Breitburn Entities ("QRE Operating, LLC and Breitburn Operating, LP") counsel are using tactics of twisted explanation to avoid the merits of my suit.

**PLEASE TAKE NOTICE:** I, Felicia Pierce filed an Unsworn Declaration under Penalty of Perjury in case #16-01198 (SMB) and Breitburn Entities failed to respond to or oppose the facts within said document where the merits are also

attached.

**PLEASE TAKE NOTICE:** That I, Felicia Pierce have shown the Bankruptcy Court by letter and to this court through her *Request for Mandatory Judicial Notice* that Breitburn Entities have either failed to or chose not to oppose my Unsworn Declaration Under Penalty of Perjury which contains facts/merits associated with my Texas suit #2015-1679-CCL2 and Adversary case #16-01198 (SMB).

**PLEASE TAKE NOTICE:** That Appellees chose not to respond to Appellant Felicia Pierce's Request for Mandatory Judicial Notice, because they believe it to be a second brief which includes documents which currently exist within the court records, however, no matter how Appellees or their legal counsel have decided to interpret the document it is written in adherence to Rule 201. Judicial Notice of Adjudicative Facts and as required the evidence introduced must already be a part of the existing or original record. Appellant ("Felicia Pierce") evidence is of original record. (see: *In Rybachek v. Environmental Protection Agency, 904 F.2d 1276(9th Cir. 1990), an appellant challenging an EPA rule requested the appellate court to take judicial notice of studies and reports by other administrative agencies that had not been included in the original administrative record. The court denied the request, finding that appellate review must be limited to the original record.*

**PLEASE TAKE NOTICE:** That I, Felicia Pierce will be filing the Unsworn Declaration Under Penalty of Perjury in this court as a part of my reply brief to Appellees Brief to afford Appellees ("Breitburn Entities") another opportunity to oppose or agree with the facts within my Unsworn Declaration Under Penalty of Perjury.

**PLEASE TAKE NOTICE:** That I would like to provide Breitburn Entities 14 days to respond to the Unsworn Declaration Under Penalty of Perjury. I believe *14 days* to respond to the Unsworn Declaration Under Penalty of Perjury is a fair time frame as it affords Appellees a *second* response/reply opportunity.

**PLEASE TAKE NOTICE:** That I, Felicia Pierce would like to show how Breitburn Entities along with all other defendant's legal counsel have avoided any filings which require them to challenge facts or evidence. For example: I have been in court since September 9, 2015 (3 years) and have had a Motion for Summary Judgment (which included facts and evidence to support it) on file for over a year in case #2015-1679-CCL2 , which was never heard by the court or disputed by any

defendants named in the Texas suit.

**PLEASE TAKE NOTICE:** That I, Felicia Pierce made several attempts to set a hearing for my Motion for Summary Judgment, and after finally receiving the **ONLY AVAILABLE** hearing date for September 2, 2016 set by Judge Vincent Dulweber, a hearing was set for those named defendants in my suit to hear their motion to dismiss on a date prior to September 2, 2016.

**PLEASE TAKE NOTICE:** Since I had to take off work for my hearing set on September 2, 2018, I would not be able to make the hearing for the Motion to Dismiss. I then spoke to the judge's secretary, Wendy Ligon who informed me that if I did not appear at the hearing, my case would be automatically dismissed. What's bizarre is that the dates prior to September 2, 2018 were not available, but the defendant's legal counsel was able to obtain an earlier date the September 2, 2018 to dismiss my suit

**PLEASE TAKE NOTICE:** That I Felicia Pierce tried to reach out to the defendant's counsel, Don Westbrook and he stated that he would be willing change the date if I pushed my date back and let him have my September 2, 2016 hearing date. At the time that he stated this, I could only be off my job for September 2, 2016 which was scheduled for my Motion for Summary Judgment, so I gave him my date so that my case would not be automatically dismissed due to a no show.

**PLEASE TAKE NOTICE:** My case was dismissed on October 13, 2016 after the September 2, 2016 hearing, without my summary judgment (which was on file for more than a year) ever being heard because of the corruption within the GREGG COUNTY COUNTY COURT at LAW 2 in Texas. I was coerced into giving him my hearing date so that the defendants would not have to argue the merits within my Summary Judgment.

**PLEASE TAKE NOTICE:** That my case was dismissed with *prejudice* by Judge Vincent Dulweber sua sponte even though he had signed an order showing that I complied with his November 12, 2015 Order on Plea in Abatement, and even though the merits of my case were never heard and the case was never adjudicated.

**PLEASE TAKE NOTICE:** Judge Stuart Bernstein dismissed my case based on a claim of res judicata by Breitburn Entities even though as mentioned in the notice

prior, all elements of res judicata were not met, because the merits were not heard which deprived Judge Dulweber from dismissing the case with prejudice to cause a res judicata effect. The elements of res judicata which must be met are as follows: *(1) the former judgment or order must be final; (2) the judgment or order must be on the merits; (3) it must have been rendered by a court having jurisdiction over the subject matter and the parties; (4) there must be, between the first and the second action, identity of parties, of subject matter and cause of action.*

**PLEASE TAKE NOTICE:** As it pertains to the elements of res judicata, the issue are as follows (1) An order can not be made final where fraud upon the court has commenced. (2) The judgment concerning cause #2015-1679-CCL2 was not on the merits. (3) Where fraud upon the court exist, the court loses jurisdiction. (4) The Texas court lost jurisdiction when fraud upon the court commenced.

**PLEASE TAKE NOTICE:** That I, Felicia Pierce, have filed notices into both cases, the Texas case #2015-1679-CCL2 and New York case #16-01198 (SMB) to show the unethical behavior which has created a dark cloud over my case.

**PLEASE TAKE NOTICE:** As it pertains to the purpose and operation of law, I, Felicia Pierce believe that I am a victim of a corrupt judicial ethics.

**PLEASE TAKE NOTICE:** That I would like to give Appellees ("Breitburn Entities") a second opportunity to bring their facts to the table to set the record straight in this court (Appeals # 18-CV-4776). All honest counsel should be in agreement with setting the record straight, no strategy is needed to prove the truth or facts.

**PLEASE TAKE FURTHER NOTICE:** That this is a NOTICE to all who read it and the facts it contains can be verified.

Respectfully submitted.

Felicia Pierce, Pro Se
PH: 972.876.9718
Email: scorpio76140@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent to all known counsel of record pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure on this 9th day of September 2018.

**Felicia Pierce (Pro Se)**

Via E-Mail
**WEIL, GOTSHAL & MANGES LLP**
**Attorneys for Appellees**
**767 Fifth Avenue**
**New York, New York 10153**
**Ray C. Schrock, P.C. Esq.**
**Stephen Karotkin, Esq.**
**Edward Soto, Esq.**
**Of Counsel**