# No. 18-CV-4776

RECEIVED
SDNY DOCKET UNIT
2018 SEP 11   PM 3: 50

---

United States District Court for the Southern

District of New York

---

FELICIA PIERCE

*Appellant,*

-AGAINST-

BREITBURN ENERGY LP., ENTITIES

*Appellee.*

---

On Appeal from an Order of the

United States Bankruptcy Court Southern District of New York

---

## DECLARATION OF FELICIA A. PIERCE

---

Felicia Pierce (Pro Se)            WEIL, GOTSHAL & Manges LLP
3708 Bluff Creek Lane              Attorneys for Appellee
McKinney, TX 75070                 767 Fifth Avenue
972-876-9718                       New York, New York 10153
scorpio76140@gmail.com             Ray C. Schrock P.C. Esq
                                   Stephen Karotkin, Esq
                                   Edward Soto, Esq

# APPENDIX 1

## Unsworn Declaration Under Penalty of Perjury

DECLARATION OF FELICIA A. PIERCE

Pursuant 28 U.S. Code § 1746, I hereby declare as follows:

1. The merits of cause no. 2015-1679-CCL2 have never been heard.

2. I complied with the court's Order on Plea In Abatement, which said abatement was lifted by order due to compliance on March 4, 2016.

3. The defendant's legal counsel associated with cause number 2015-1679-CCL2 filed a motion to dismiss my 12th Amended Petition.

4. I timely filed a 13th Amended Petition on September 2. 2015 at 8:40 am, prior to the defendant's hearing to dismiss my 12th Amended Petition, however, my case was dismissed with prejudice without hearing the merits.

5. On September 29, 2017, the appellate court affirmed the trial court's decision with
an opinion and judgement, however after I questioned the trial court's jurisdiction and sent a notice to indicate that the appellate court's judgment was void due to jurisdiction, as of today December 19, 2017 the court decided not to issue mandate as marked on their calendar for the date of December 8, 2017, which shows that the decision or judgment was not made final.

6. The contents in the attached Exhibits are true and Exhibit A has new and old evidence pertaining to the merits of my case #16-11398 (SMB), also Exhibit A (Affidavit) was provided to the debtor's (Breitburn Entities) legal counsel and they

chose not to rebut the points made within said document, creating a silent agreement to the facts addressed within it.

7. I declare under penalty of perjury, that the foregoing is true and correct.

Executed on the 8th day of September 2018.

Felicia A. Pierce

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has sent by email to all parties connected with this adversary complaint on September 9, 2018 in accordance with Federal Rule of Civil Procedure.

Felicia Pierce

Via E-Mail
**WEIL, GOTSHAL & MANGES LLP**
**Attorneys for Appellees**
**767 Fifth Avenue**
**New York, New York 10153**
**Ray C. Schrock, P.C. Esq.**
**Stephen Karotkin, Esq.**
**Edward Soto, Esq.**
**Of Counsel**

# EXHIBIT A

# Affidavit of Claim, Truth, Fact and Notice

| | | |
|---|---|---|
| UNINCORPORATED STATE OF TEXAS | § | |
| UNINCORPORATED COUNTY OF GREGG | § | KNOWN ALL MEN BY THESE PRESENTS |

I, Felicia Pierce, am a descendant of Lettuce Beall Oliver, and I make this affidavit and hereby on oath state the following:

1. I the affiant, Felicia Pierce am of flesh and blood, body and soul.
2. I am over the age of 21.
3. I am of sound mind and capable of making and agreeing to this instrument called an affidavit.
4. I reside at 9764 Water Tree Dr. McKinney, Texas 75070, my email is scorpio76140@gmail.com.

**Point 1-** I have knowledge and according to family history, Lettuce Beall Oliver (Maiden name Howell) had two daughters. Lettuce Beall's eldest daughter's name was Harriet Alford and her youngest daughter was named Emily Oliver. One of Harriet Alford's heirs name is Alice Barryer Lynch whose part interest and ownership I, Felicia Pierce hold. (Exhibit 1)

**Point 2-** I have knowledge and according to family history, that James R. Oliver, who owned 410 acres more or less of land situated in P.W. Warrener survey, willed all of his personal and real property to Lettuce Beall Oliver and his daughter Emily Oliver (Exhibit 2 and 2A). Property description is as follows:

## Property Description

**BEGINNING** at the Northeast corner of the said P.W. Warrener Survey, which point is also the Northwest Corner of the J.G. Walker Survey;

**THENCE** South with the East line of said Warrener Survey and the West line of said Walker Survey to the Northwest Corner of a tract of 200 acres of land, more or less, out of the P.W.
Warrener Survey, more particularly described in a deed of conveyance from P.W. Warrener to Elijah Loyd (Lloyd), dated January 11, 1850, and recorded in Volume M, page 502, of the Deed Records of Rusk County, Texas for the southeast Corner of this tract;

**THENCE** West with the North line of such 200 acres tract to the East baseline of a 120 acres tract of land conveyed by P.W. Warrener to Talitha (Tabitha) C. Barnett, dated

September 7, 1858, recorded in Vol. N, page 25 of the Deed records of Rusk County, Texas;

**THENCE** North with the East base line of said 120 acres tract to the Sabine River;

**THENCE** with said river to the most Northerly Northwest Corner of P.W. Warrener Survey, which corner is likewise the Southwest Corner of the Alexander Carmack Survey;

**THENCE** East with the North line of said P.W. Warrener Survey, with the South line of the said Alexander Carmack Survey to the place of beginning. Being the land conveyed by P.W. Warrener and wife to James R. Oliver by Deed dated February 22, 1867 and recorded in Volume S, page 302, of the Deed Records of Rusk County, Texas, and the same land described in a Deed from S.S. Barnett, Executor of the Estate of T.C. Barnett, Deceased, to James R. Oliver dated December 18, 1869, and recorded in Volume S, page 301, of the Deed records of Rusk County, Texas and is the same land devised an bequeathed to Lettuce Beall and Daughter Emily, by the will of the said James R. Oliver, duly probated on February 24, 1870, and Rusk County, Texas

Said tract or parcel of land being also described as shown by the evidence, as follows; That certain tract or parcel of land lying situated and being in the County of Gregg State, of Texas, and consisting on 366.7 acres of land, more or less, out of the P.W. Warrener Survey, in Gregg County, Texas, more Particularly described as follows;

**BEGINNING** at the Northeast Corner of the said P.W. Warrener Survey, which point is also the Northwest Corner of the J.G. Walker Survey;

**THENCE** South with the East line of the said Warrener Survey and the West line of said Walker Survey, to the Northwest Corner of a certain tract of 200 acres of land, more or less, out of the P.W. Warrener Survey, more particularly described in a Deed of conveyance from P.W. Warrener to Elijah Loyd (Lloyd), dated January 11, 1850, and recorded in Volume M, page 502, of the Deed Records of Rusk County, Texas, for the Southeast Corner of this tract;

**THENCE** West with the North line of such 200 acres tract to the East base line of a 120 acres tract of land conveyed by P.W. Warrener to Talitha (Tabitha) C. Barnett, dated September 7, 1858 recorded in Volume N, page 25 of the Deed Records of Rusk County, Texas;

**THENCE** North with the East base line of the said 120 acre tract to the Sabine River;

**THENCE** with the said river to the most Northerly Northwest corner of the P.W. Warrener Survey, which corner is likewise the Southwest corner of the Alexander Carmack Survey to the place of beginning;

**THENCE** East with the North line of said Alexander Carmack Survey to the beginning. Begin the same land conveyed by P.W. Warrener and wife to James R. Oliver by Deed dated February 22, 1867, and recorded in the Volume S, page 302 of the Deed Records of Rusk County, Texas, and the same land described in Deed from S.S. Barnett, executor of the estate of T.C. Barnett, deceased to James R. Oliver, dater December 18, 1869, recorded in Volume S, page 301, of the Deed records of Rusk County, Texas, and is the same land devised and bequeathed to the Lettuce Beall and Daughter Emily, by the will of the James R. Oliver, duly probated on February 24, 1870, in Rusk County, Texas.

**Point 3-** I have knowledge and according to family history that the information in Point 2 makes Harriet Alford's, and Emily Oliver's heirs cotenants concerning interest and ownership of 410 acres of land more or less situated in P.W. Warraner survey in Gregg County, Texas because Harriet Alford would gain part of her mother's interest and ownership. (Exhibit 3- N/A)

**Point 4 -** I have knowledge and according to Gregg County's property records, Breitburn Operating, LP and QRE Operating, LLC who claim working interest or pays out royalties and other proceeds to others concerning mine and my cotenant's property, along with others, prior to them claim(ed) their alleged right to assignments and oil and gas leases by a March 11, 1931 Adverse Possession Witness Affidavit claiming this as the method used for A.A. King to claim title to the property located in P.W. Warraner survey in Kilgore, Texas. This document is filed in the Mineral Deed records in Gregg County, Texas and this document was used to help aid in severing the minerals from the land. (Exhibit 4)

**Point 5 -** I have firsthand knowledge and according to records filed in Gregg County, Texas that on August 13, 2015 an affidavit (Inst. #201513497) was filed more than two years ago to dispute the Adverse Possession Witness Affidavit, this document has "never" been rebutted by anyone attempting to make a claim under the 1931 Adverse Possession Witness Affidavit. Those who have received proceeds from said property and slandered mine and my cotenant's title are listed, but are not limited to the following:

- Breitburn Operating, LP
- QRE Operating, LLC
- Exxon Mobile Corporation (formally known as Humble Oil)
- Kerr-McGee
- Sinclair Oil and Gas
- ARCO
- BP America
- Danmark

- Petrohawk
- Gas Solutions, LTD and Gas Solutions II, LTD
- Sunoco (formally known as Sun Oil Company)
- And all other parties listed in cause #2015-1679-CCL2 in County Court at Law 2 in Gregg County, Texas concerning the minerals of the property described herein.

**Point 5 cont.** – The Adverse Possession Witness Affidavit does not acknowledge or mention anywhere by proof that this chain of title began with a 1917 conveyance from Annie Hart to A.A. King. (Exhibit 5- N/A)

**Point 6 -** I have knowledge according to Gregg County property records that A.A. King claimed a second chain of title by a conveyance from an individual by the name of Otto Morris who supposedly sold 366.7 acres more or less of "land/top surface" to him in 1935 by quit claim deed (Exhibit 6). In 1961 A.A. King sold the property to his children (Exhibit 6A), in the year 1999, A.A. King's children and his son John King's, heirs sold the property to Strother Timberland, LTD (Exhibit 6B). Strother Timberland, LTD in turn sold the property to multiple people and entities which unlawfully divided the property into separate acreages, those people and entities who claim to be bona fide buyers/owners are listed as follows:

- Andrew Riley who resides at 911 Baker Rd. Kilgore, Texas 75662
- Debbie Blalack who resides at 889 Baker Rd. Kilgore, Texas 75622
- Bruce Broyles Sr. who resides at 940 Baker Rd. Kilgore, Texas 75622
- Ricky Davis who resides at 1996 River Rd. Kilgore, Texas 75622
- James C. Pee who resides at 1927 River Rd. Kilgore, Texas 75622 or 328 PR 3322 River Rd. Kilgore, Texas 75622 (previously John Coon and Kirstie Coon)
- CitiFinancial who oversees property address 942 Baker Rd. Kilgore, Texas 75622 (the previous overseer was Bruce Broyles Jr. and his wife Robbin Broyles)

    East Texas Salt Water located at 1209 Industrial Blvd. Kilgore, Texas 75622 who is the overseer of 6.5 acres more or less of the land described herein, which also has been listed with the address of 0 Sinclair Rd. Kilgore, Texas 75622

### SLANDERER OF TITLE

- Strother Timberland, LTD (ATTN: Barron J. Strother) who is located at 901 South Three Notch St. Troy, AL 36081 aided in slandering the title of my property described herein.

**Point 6 cont**. - As also mentioned in Point 5, these documents do not acknowledge or mention anywhere by proof that this chain of title began with a 1917 conveyance from Annie Hart to A.A. King. In addition Gregg County property records doesn't show any record that Otto Morris owned any part of Lettuce Beall's or Emily Oliver's property by will, foreclosure, deed, gift, adverse possession or otherwise prior to his conveyance to A.A. King. Otto Morris, a phantom being, along with all of those in Point 5 and Point 6 under his claim of title are only strangers to Lettuce Beall's and Emily Oliver's chain of title.

**Point 7** - I have firsthand knowledge and according to Gregg County records, on September 23, 2015 an Affidavit of Permission (Inst. #201516039) was filed of record and has been on record without a rebuttal to its contents for more than two years. Without a rebuttal, this affidavit has become a <u>silent agreement</u> which only gives permission for those in possession or those who claim to be bona fide purchasers to remain in possession until one or more of the heirs of Lettuce Beall Oliver, or cotenants decide to revoke that permission. This point interprets the Affidavit of Permission. (Exhibit 7- N/A)

**Point 8** -To my knowledge and according to the property records filed in the courthouse of Gregg County, Texas, the people listed in Point 5 and Point 6 as individuals and/or entities or anyone else claiming with or under them DO NOT hold or have legal title, ownership or interest in any part thereof or to the property herein described above and all taxes paid on this property have been "gifted" by them. (Exhibit 8- N/A)

**Point 9** - I have firsthand knowledge and according to a three consecutive day advertisment placed in the Longview News Journal on August 29, 2015, that the heirs of Lettuce Beall gave notice to "everyone" who is claiming possession of the land and minerals concerning the property situated in P.W. Warraner an opportunity to settle this matter outside of court. The ad states that if the matter was not settled within the specified amount of time, those in possession would owe one million dollars ($1,000,000) a day until this matter has been mutually settled. As of today November 15, 2017, that amount has accumulated to a total of $808 million for the mineral property and $27 million for the top surface property based on holding possession alone, but not including any proceeds or monetary gain made from our land or minerals. (Exhibit 9)
*Note: The top surface amount is less, because permission was given by affidavit twenty-five days later on September 23, 2015.*

**Point 10 -** I have firsthand knowledge and according to records filed in the Gregg County Court records that on September 10, 2015 I filed a lawsuit which petitioned the "District Court" of Gregg, County, Texas. On the same day I petitioned the district court, Judge Vincent Dulweber of County Court at Law #2 was assigned to my case by one of the district court's clerks instead of a district court judge. (Exhibit 10 )

**Point 11 -** I have firsthand knowledge that even though County Court at Law No. 2 has concurrent jurisdiction with the District Court in Gregg County, Texas, Judge Vincent Dulweber over stepped his authority and trespassed on my suit which petitioned the District Court, without my consent or an order from a Gregg County District Court Judge giving him reason or authority to do so. (Exhibit 11- N/A)

**Point 12 -** I have firsthand knowledge that I respected the "Honorable" judge's position, but did not understand why this man acting as County Court at Law No. 2 judge was presiding over my case since I DID NOT petition his court to do so. (Exhibit 12- N/A)

**Point 13 -** I have firsthand knowledge and according to records filed in the Gregg County Court records that on November 12th, 2015 Judge Dulweber issued and filed an Order on Plea In Abatement to abate cause no. 2015-1679-CCL2 due to defendant, Lottie Guttry's Answer, which included a plea in abatement based on parties who needed to be added due to potentially being adversely affected. (Exhibit 13)

**Point 14-** I have firsthand knowledge that on January 25, 2016 I filed a Motion to Lift Abatement in Gregg County, Texas Court Records which showed that I complied with the Plea In Abatement Order filed by Judge Dulweber in Point 2. (Exhibit 14)

**Point 15 -** I have firsthand knowledge that on March 4, 2016 during the hearing to lift the abatement on Cause no. 2015-1679-CCL2. Judge Vincent Dulweber and all of the defendants' legal counsel withdrew all of their objections to my compliance concerning the Plea In Abatement Order, and the abatement was LIFTED due to COMPLIANCE which was the reason stated in my Motion To Lift Abatement filed of record in Gregg County, Texas court records. (Exhibit 15) and (Exhibit 15A)

**Point 16 -** I have knowledge and according to records filed in Gregg County, Texas, a citation was served on Breitburn Operating, LP and QRE Operating, LLC, entities of Breitburn Energy Partners, LP on May 9, 2016. (Exhibit 16)

**Point 17 -** I have knowledge and according to records filed in the Bankruptcy Court of Southern District of New York on May 16, 2016, Breitburn Energy Partners, LP along with it's affiliated entities filed a petition for Chapter 11 bankruptcy which immediately put them under jurisdiction of the New York Bankruptcy Court. (Exhibit 17)

**Point 18 -** I have knowledge and according to records filed in Gregg County Texas court that on May 25, 2016 a document labeled "Suggestion of Bankruptcy" (not an actual answer to the suit served on them, but a document merely to inform) by Don Westbrook of Coghlan Crowson, LLP. Mr. Don Westbrook filed this document after

Breitburn Energy Partners, LP and it's affiliated entities ("Debtors") entered bankruptcy under the jurisdiction of New York requesting County Court At Law No. 2 to stay all actions concerning my suit. (Exhibit 18)

**Point 19 -** I have knowledge and according to records filed in Gregg County Court that on May 25, 2016 the Honorable Judge Dulweber entered an order titled "Order Cancelling Hearing Due To Bankruptcy Filing", the man acting as County Court At Law #2 Judge; without jurisdiction of the Debtors and while acting under color of law, stayed my case  for "all" defendants not associated with the debtors and cancelled my hearing for the Summary Judgment which had been on file since October 5th 2015 (7 months) without being able to obtain a successful hearing date. The County Court At Law #2 judge's order stated its court was <u>deprived of jurisdiction</u> due to the bankruptcy filing. (Exhibit 19)

**Point 20 -** I have knowledge that a man named Vincent Dulweber by "oath" contracted to uphold the Constitution and render justice in Texas and who also goes by the title of "Honorable" Judge Dulweber blatantly entered an unlawful  order cancelling my Motion for Summary Judgment hearing set for May 31, 2016,  aiding all other men, women and entities called defendants of Cause no. 2015-1679-CCL2 in obtaining an opportunity to escape my right to sue them for their wrong doing, the right to be heard on my merits and without jurisdiction this man also aided the debtors  and the other defendants in violating my human rights and substantive rights to have full control over my property; my land.  *"There is no discretion to ignore lack of jurisdiction." Joyce v. U.S. 474 2D 215.* *"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a human rights right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934, 937.* (Exhibit 20)

**Point 21 -** I have firsthand knowledge that on May 25, 2016 I submitted a letter to the judge presiding over Case no. 2015-1679-CCL2 with concerns as to how the debtor's automatic stay extended to all other parties named and served in this cause, whom did NOT have any privity with the debtors. (Exhibit 21)

**Point 22 -** I have knowledge that on May 26, 2016, Judge Dulweber in County Court at Law No. 2 in Gregg County, Texas filed a response to my letter. (Exhibit 22) On the second and last page of his letter within the first paragraph labeled "Proceeding as to Remaining Defendants", the judge stated the following:
*"In order to proceed to a final resolution of this case the automatic stay must be either lifted or modified. A trial without **all** defendants (ie. **excluding the Breitburn Entities**) is not available in this particular case."* --- Under the last paragraph on the last page of the letter states *"As this Court noted, any ruling made adverse to a debtor in bankruptcy would be **void**."*

**Point 23 -** I have knowledge and according to 28 U.S.C § 1334 *"The district courts have original and exclusive jurisdiction over all bankruptcy cases."* Due to the Bankruptcy filing by debtors, Judge Dulweber who presides over County Court At Law No. 2 (Not

District Court) who holds concurrent jurisdiction with district courts in Gregg County, Texas was deprived of jurisdiction. A judgment rendered by any court without jurisdiction is considered *"void"*. (Exhibit 23- N/A)

**Point 24** - I have firsthand knowledge that I had to utilize family for monetary help to take a flight from Texas to New York for a hearing on the Motion to Lift Stay concerning my case in Texas which named Breitburn Energy Partners, LP and it's entities as the "Debtors", which imposed a stay on all other defendants who were not a part of the debtors in bankruptcy and who did NOT have any privity to the debtors or the claims concerning those debtors. (Exhibit 24- N/A)

**Point 25** - I have firsthand knowledge and according to records filed with the Bankruptcy Court of New York that on June 23, 2016 an order was entered concerning my Motion to Lift Stay which modified the stay. However, the order shows that the debtors remain under the jurisdiction of the bankruptcy court located in the state of New York, allowing me to proceed only with all other defendants who are not associated and who do not have privity with the debtors. (Exhibit 26) (Exhibit 25)

**Point 26** - I have firsthand knowledge that my new Summary Judgment hearing set for September 2, 2016 was reset, I was <u>coerced</u> into resetting my hearing by Don Westbrook (Debtor's attorney) in order for hearing concerning their Motion to Dismiss Plaintiff's Twelfth Amended Petition to be set for 9 o'clock a.m. that day. (Exhibit 26) (Exhibit 26A)

**Point 27**- I have firsthand knowledge that on September 2, 2016 my 13th Amended Petition was filed prior to the hearing at 8:40 a.m. in person, making it a "a live petition". This petition was distributed in hand to "ALL" legal counsel who were present including legal counsels of Coghlan Crowson, LLP; Don Westbrook and Rickey Faulkner. (Exhibit 27)

**Point 28** - I have firsthand knowledge that on September 12, 2016 while trying to upload and file a certain document, my administrative assistant, Lasha Hawthorne mistakenly uploaded my Thirteenth Amended Petition, making it a duplicate.     (Exhibit 28- N/A)

**Point 29** - I have firsthand knowledge that on September 12, 2016 at 2:10 p.m., one of the District Court clerks in Gregg County sent an email to me to inform me that a duplicate of my Thirteenth Amended Petition was filed. Even though my Thirteenth Amended Petition was filed on time, the men representing Breitburn Energy Partners, LP and it's entities in Texas as their legal advisors along with the other defendant's legal counsels have chosen to ignore the timely filed document in order to acknowledge a duplicate filing on September 12, 2016 which is favorable to them. (Exhibit 29)

**Point 30** - I have firsthand knowledge that I am greatly distressed and my sanity is priceless, even though I am owed damages for the stress these individuals listed in Point 5 & 6 have caused, it will never outweigh or be enough compensation to clear my memory of their intentional wrong doings and mistreatment. (Exhibit 30- N/A)

**Point 31 -** I have firsthand knowledge that I never did reach trial and that I never received a fair chance for the *merits* of my suit to be heard concerning cause #2015-1679-CCL2 or my adversary claim associated with Cause #16-11390, due to the "Debtors" false claim of *res judicata* in a suit which did not lawfully include them and the trial court which did not have jurisdiction to adjudicate claims or render a judgment against or on behalf of the Debtors. My case was unlawfully dismissed with prejudice *sua sponte* by Judge Dulweber without hearing the merits, even though records show I complied with his abatement order on March 4, 2016 when he signed the order granting my Motion to Lift Abatement. (Exhibit 31- N/A)

**Point 32 -** I have firsthand knowledge that debtors committed continuous fraud against me and my cotenants by taking and receiving proceeds from our property that they do not own or have lawful authorization to receive or pay out those proceeds, because I nor my cotenants (heirs of Lettuce Beall Oliver) or those businesses (i.e. Big In Texas, LLC, LACHAROW, LLC, Elite R&R, LLC, Texas Mama, LLC, L& P Infinity.), who also own an undivided interest in the property have never given them the permission to benefit from our property. (Exhibit 32 N/A)

**Point 33 -** I have firsthand knowledge that Judge Vincent Dulweber who resides over County Court at Law No. 2 in Gregg County, Texas is a dishonest man who has broken his oath and breached his verbal contract in upholding the LAW and the CONSTITUTION concerning Cause #2015-1679-CCL2 along with the Justices which reside over Sixth Circuit Court of Appeals in Texarkana, Texas, Cause #06-17-00013-CV who has aided him and upheld his unethical judicial acts. They as well have broken the oath taken to uphold the law and Constitution and due to lack of jurisdiction, both courts' judgments are VOID concerning both cause numbers listed herein without any bar of *res judicata. Res judicata consequences will not be applied to a void judgment which is one which, from its inception, is a complete nullity and without legal effect, Allcock v. Allcock, 437 N.E.2d 392 (Ill.App.3 Dist. 1982)*

**Point 34 –** I have firsthand knowledge that the defendant/Appellees' attorneys, along with the Judge and Justices listed in Point 33 have acted under **color of law** by making what is untrue seem justifiably lawful. (Exhibit 34- N/A)

## *********NOTICE*********

**PLEASE TAKE NOTICE:** I, Felicia Pierce intends to use this affidavit as supportive evidence against Brietburn Operating, LP and QRE Operating, LLC ("Debtors)" for continuous fraud, theft of property and conspiracy claims.

**PLEASE TAKE FURTHER NOTICE:** I intend to use this affidavit as supportive evidence against all of those people who are listed in Point 5, 6.

**PLEASE TAKE FURTHER NOTICE:** You must rebut with evidence to those points you do not agree with.

**PLEASE TAKE FURTHER NOTICE:** Since my Summary Judgment Motion has been on file for more than two years in Case #2015-1679-CCL2 in Gregg County, Texas without dispute, EVERYONE listed in this document has 7 days to respond with supporting evidence.

**PLEASE TAKE FURTHER NOTICE:** If a written response is not received electronically or by certified mail within 7 days (use the information in #4 of this document), I will give you a 4 day extension to respond with evidence.

**PLEASE TAKE FURTHER NOTICE:** If your response is not received in 11 days (7 days plus the 4 day extension totals 11 days) you will automatically DEFAULT.

**PLEASE TAKE FURTHER NOTICE:** This document along with supporting evidence will be filed of record in Gregg County, Texas within 14 days of this document being sworn to and notarized along with receipts that you received this document.

**PLEASE TAKE FURTHER NOTICE:** An unrebutted response or no response from those listed in this affidavit will be taken as a silent agreement to the points listed herein.

**PLEASE TAKE FURTHER NOTICE:** To "ALL" people who are in possession of our property who claim to be bona fide purchasers or not, whether listed in Point 6 or not, your permission to be in possession of the property described herein located within P.W. Warraner survey in Kilgore, Texas *(Inst. #201516039)* is hereby **REVOKED**.

**PLEASE TAKE FURTHER NOTICE:** To all top surface overseers and possessors, if you do NOT respond you will receive an eviction and each day you remain in possession you will be charged one thousand dollars ($1000) a day added to the amount ($25 million) in Point 9.

**PLEASE TAKE FURTHER NOTICE:** To all of those in possession and listed in Point 5 concerning the mineral property, if no response is received within 11 days of receipt of this notice, you will continue to be charged $1 million a day until those minerals are returned to the rightful owner(s).

**PLEASE TAKE FURTHER NOTICE:** To all those who have benefited monetarily from the land and/or minerals listed above from the past or prior to the 2014 whether in possession or not, you will be charged $2 million a day until you pay back the proceeds your company or you personally gained concerning the land and/or mineral property.

**PLEASE TAKE FURTHER NOTICE:** I have the right to charge however much I want to concerning anyone who decides to continue trespassing on my property (land and

minerals) unless these people can prove otherwise, that I nor my cotenants own the property described herein.

**PLEASE TAKE FURTHER NOTICE:** I reserve all of my natural rights as a man/woman, flesh and blood, body and soul and common law upholds those rights. Any man or woman who violates those rights will be punished according to law. This is common law, the law of the land and this is my TRUTH and it is enforceable in a court of law.

**PLEASE TAKE FURTHER NOTICE:** A copy of this document will be sent to your attorney as you have already retained an individual to represent you and exercise your rights. He or she will advise you as to the best decision to make.

**PLEASE TAKE FURTHER NOTICE:** I am NOT an attorney and I do not represent anyone listed herein, I can only speak for myself. Please use your rights to respond to this documents as you see fit.

**PLEASE TAKE FURTHER NOTICE:** This affidavit will be enforced immediately after its deadline.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and beliefs.

## JURAT

**EXECUTED** this the _17_ day of _November_ 2017

_____
Signature of Affiaint

_____
Signature of Witness

**SWORN TO** and **SUBSCRIBED** before me by **FELICIA PEIERCE** this the _17th_ day of _November_ 2017

_____
Notary Public for State of Texas

BROOKE BAILEY
NOTARY PUBLIC
STATE OF TEXAS
NOTARY ID 13045960-0
DECEMBER 1, 2019

**EXHIBIT 1**

4 PGS   201512512
HEIRAFFDVT


Exhibit G

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF GREGG | § |

**AFFIDAVIT OF HEIRSHIP**

**AS TO CLAY BARROW/BARRYER**

BEFORE ME, the undersigned, a Notary Public in and for said County and State on this day personally appeared Leo Graves of 8300 FM 2517, Carthage, Texas 75633, and being 61 years of age, and Johnnie Collier, 214 CR 303, Carthage, Texas 75633, and being 71 years of age, well known to me to be a credible individuals, who being by me upon the oath first duly sworn that;

I.

They are well and personally acquainted with the family history and facts of heirship of Clay and Alice Grant Barryer. They are acquainted with the history and heirship of Clay Barrow/Barryer's mother, Harriet Alford and grandmother, Lettuce Beall Howell Oliver. Affiants are also familiar with the property located in Gregg County, Texas owned by Lettuce Beall Oliver prior to her death.

Property owned by Lettuce Beall Oliver and passed through heirship to Clay Barrow/Barryer and his heirs herein described below;

BEGINNING at the Northeast corner of the said P.W. Warrener Survey, which point is also the Northwest Corner of the J.G. Walker Survey;

THENCE South with the East line of said Warrener Survey and the West line of said Walker Survey to the Northwest Corner of a tract of 200 acres of land, more or less, out of the P.W. Warrener Survey, more particularly described in a deed of conveyance from P.W. Warrener to Elijah Loyd (Lloyd), dated January 11, 1850, and recorded in Volume M, page 502, of the Deed Records of Rusk County, Texas for the southeast Corner of this tract;

THENCE West with the North line of such 200 acres tract to the East baseline of a 120 acres tract of land conveyed by P.W.Warrener to Talitha (Tabitha) C. Barnett, dated September 7, 1858, recorded in Vol. N, page 25 of the Deed records of Rusk County, Texas;

THENCE North with the East base line of said 120 acres tract to the Sabine River;

THENCE with said river to the most Northerly Northwest Corner of P.W. Warrener Survey, which corner is likewise the Southwest Corner of the Alexander Carmack Survey;

THENCE East with the North line of said P.W. Warrener Survey, with the South line of the said Alexander Carmack Survey to the place of beginning. Being the land conveyed by P.W. Warrener and wife to James R. Oliver by Deed dated February.22, 1867 and recorded in Volume S, page 302, of the Deed Records of Rusk County, Texas, and the same land described in a Deed from S.S. Barnett, Executor of the Estate of T.C. Barnett, Deceased, to James R. Oliver dated December 18, 1869, and recorded in Volume S, page 301, of the Deed records of Rusk County, Texas and is the same land devised an bequeathed to Lettuce Beall and Daughter Emily, by the will of the said James R. Oliver, duly probated on February 24, 1870, and Rusk County, Texas

Said tract or parcel of land being also described as shown by the evidence, as follows; That certain tract or parcel of land lying situated and being in the County of Gregg State, of Texas, and consisting on 368.7 acres of land, more or less, out of the P.W. Warrener Survey, in Gregg County, Texas, more Particularly described as follows;

Exhibit G

Northwest Corner of a certain tract of 200 acres of land, more or less, out of the P.W. Warrener Survey, more particularly described in a Deed of conveyance from P.W. Warrener to Elijah Loyd (Lloyd), dated January 11, 1850, and recorded in Volume M, page 502, of the Deed Records of Rusk County, Texas, for the Southeast Corner of this tract;

THENCE West with the North line of such 200 acres tract to the East base line of a 120 acres tract of land conveyed by P.W. Warrener to Talitha (Tabitha) C. Barnett, dated September 7, 1858 recorded in Volume N, page 25 of the Deed Records of Rusk County, Texas;

THENCE North with the East base line of the said 120 acre tract to the Sabine River;

THENCE with the said river to the most Northerly Northwest corner of the P.W. Warrener Survey, which corner is likewise the Southwest corner of the Alexander Carmack Survey to the place of beginning;

THENCE East with the North line of said Alexander Carmack Survey to the beginning. Begin the same land conveyed by P.W. Warrener and wife to James R. Oliver by Deed dated February 22, 1867, and recorded in the Volume S, page 302 of the Deed Records of Rusk County, Texas, and the same land described in Deed from S.S. Barnett, executor of the estate of T.C. Barnett, deceased to James R. Oliver, dater December 18, 1869, recorded in Volume S, page 301, of the Deed records of Rusk County, Texas, and is the same land devised and bequeathed to the Lettuce Beall and daughter Emily, by the will of the James R. Oliver, duly probated on February 24, 1870, in Rusk County, Texas.   .

The above property and all minerals under the property were owned by Lettuce Beall Oliver at the time of her death around 1909 and said property was also known as her homestead. Said property also remained unsevered. There were no valid conveyances nor were there any valid adverse possession claims against the said property she owned at the time of her death, leaving her interest in said property to the heirship of her daughter Harriet Alford's (Deceased) children, Clay Barrow/Barryer (Deceased),and Alice Barrow Mosely (Deceased) (See 1985 and 2001 affidavits), both Clay Barrow and sister Alice Barrow Mosely's children who are also the heirs of Nathan Howell under Lettuce Beall Oliver. At the time of the death of Clay Barrow and Alice Mosely there were no valid conveyances nor were there any valid adverse possession claims, or any tax liens against said property then nor now. All taxes on the above mentioned property have been merely gifted and kept current since the death of Lettuce Beall Oliver.

II.

According to family history, Affiant is also convinced that Clay and Alice Grant Barryer were married only one time and then to each other. To this were born eight sons, and they are as follows:

1.  Fred Barryer, Deceased
    Fred married Gertie Deckard. Gertie Barryer, Deceased
    To this marriage six children were born.
    Their names and as stated below:
    Khaveo Barryer, Deceased
i.   Khaveo Barryer Jr.
ii.  Vanessa Gail Barryer
iii. Author Jerome Barryer
iv.  Cedric Thomas Barryer
v.   Cyrano Virgil Barryer
    Veona Barryer, Deceased (No children, and left will)
    Venora Barryer Oliver, Deceased
i.   Gertie Verennell Cheatham
    Armatha Barryer Banks
    Clay J. Barryer, Deceased (No children)
    Thelma J. Barryer Carr
To this marriage there were no other children born or adopted.

2.  Frank Barryer, Deceased
    Frank married Bennie Lee Mapps to this marriage, no children were born or adopted by Frank or Bennie.

3.  Phillip Barryer,.Deceased (Never married, never had children nor adopted any.)

Exhibit G

3. **Phillip Barryer, Deceased** (Never married, never had children nor adopted any.)

4. **Bennie Barryer, Deceased**
   Bennie married Leola Rocquemore, Deceased
   To this marriage two children were born
   Their names as stated below:
   Leo Barryer, Deceased
   i.   Joyce Ann Barryer Davis
   ii.  Carolyn Joy Barryer Lee
   iii. Robert E. Barryer
   iv.  Calvin Roy Barryer
        Oudia Barryer Moore
   l.   Linda Gail McWilliam Smith
   To this marriage there were no other children born or adopted

5. **Odis/Otis Barryer, Deceased**
   Odis married Artillia Andrews, Deceased
   To this marriage five children were born:
   Elizabeth Christeen Barryer Reed, Deceased
   i.   James Harold Johnson
        Pauline Barryer Hicks
        Alice Jean Barryer Lynch
        Annie Mae Barryer Jones
        Shirley Ann Barryer Johnson
   To this marriage there were no other children born or adopted.

6. **Paul Barryer, Deceased**
   Paul married Margaret
   To this marriage one child was born
   Paula Barryer Bell
   To this marriage there were no other children born or adopted.

7. **William Henry Barryer, Deceased**
   William married Edna Mae Booty
   To this marriage four children were serviving:
   Willard C. Barryer, Deceased
   i.   Jennifer Barryer
        William Henry Barryer Jr.
        Edna Barryer Greenwood
        Joe C. Barryer

8. **Ulysses Barryer**
   Ulysses married Margie Faye Hawkins.
   To this marriage there were no children born or adopted.

Affiant has knowledge through family history that there was one other child born to Clay and Alice.
However, she died as an infant. No other children were born of Clay and Alice Grant Barryer
and none were ever adopted by them.


EXECUTED   this the ___30___ day of ___July_____ 2015 .

_Leo Graves_
LEO GRAVES

_Cierria Drames_
WITNESS

_Johnnie Collier_
JOHNNIE COLLIER

_Cierria Drames_
WITNESS

Exhibit G

SUBSCRIBED AND SWORN to me by said AFFIANTS this the _30th_ day of July, A.D., 2015.

_____
NOTARY PUBLIC, STATE OF TEXAS

FELITA EWINS
Notary Public, State of Texas
My Commission Expires
January 05, 2019

STATE OF TEXAS                    §
COUNTY OF _Panola_                §

BEFORE ME, the undersigned, a Notary Public in the for said County and
State on this day personally appeared LEO GRAVES and JOHNNIE COLLIER, known to me to be the persons
whose names are subscribed to in the foregoing instrument and acknowledged to me that they executed the
same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND and seal of office _30th_ day of July, A.D. 2015.

My Commission Expires: _January 5, 2019_

FELITA EWINS
Notary Public, State of
My Commission Ex
January 05, 20

NOTARY PUBLIC, STATE OF TEXAS

_____

I, Connie Wade County Clerk of Gregg County,
Texas do hereby certify that the foregoing consisting
of _11_ pages, is a true and correct copy of the original
record now on file and/or recorded in the _Official Public_ records.

_July 30, 2015_  Date

Connie Wade, County Clerk
Gregg County, Texas

By _Beckynildon_  Deputy

Please Return
Public Hick
P.O. Box 93
Beckville, Tx 75631

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

_Connie Wade_

Connie Wade, County Clerk
Gregg County  Texas
July 30, 2015  01:35:00 PM
FEE: $28.00              201512512
HEIRAFFDVT

**EXHIBIT 2**

Vol. S Exhibit 103 Alice

together with all and singular the appurtenances thereto belonging or in any wise appertaining unto the said Parsons & Jones their heirs Executors Administrators & assigns forever. And I the said M L Baker do hereby covenant and agree to warrant and defend the title to the same against the claims or claims of all persons whatsoever claiming or to claim the same or any part thereof unto the said Parsons & Jones their heirs Executors Administrators and assigns binding myself my heirs Executors Administrators and assigns forever.

In testimony whereof I have hereunto set my hand this the 31st day of May 1870

M L Baker (Seal)

The State of Texas }
City & County of Galveston } Before me M J Johnson a Notary Public in and for the City & County of Galveston this day personally appeared M L Baker to me well known who acknowledged that he had executed the foregoing Instrument of writing for the purposes & considerations therein expressed

In testimony whereof I have hereunto signed my name and affixed my seal of office at my office in the City of Galveston on this 31st day of May A D 1870

M J Johnson
Notary Public for Galveston County

Recorded M L Baker To Deed Parsons & Jones 776 1/2 acres of Land Davis Stephens & Hudson Headright in Rusk Co Texas
Filed for record July 27th 1870 at 10 Oclock A M

W D Harper
C.C.C.

Start

The State of Texas } Know all men by these presents that I S Slade
County of Rusk } Barnett Executor of the last Will of T C Barnett deceased for and in consideration of three hundred and twenty dollars in gold to me in hand paid, the receipt whereof I hereby acknowledge being in two promissory notes for one hundred and sixty dollars each in gold of this date payable to my order, the first due and payable on the 1st day of January next and the other due and payable on the 1st day of January 1871 with ten per cent interest thereon, have granted bargained sold aliened & conveyed and do by these presents grant bargain sell alien and convey unto James P Oliver the maker of said notes his heirs and assigns forever, the undivided one half of three hundred and twenty acres of land a part of the Headright Survey of P W Warriner on the Sabine River the said Oliver being the owner of the other half of said 320 acres of land the same being in the N E corner of said Survey the land here conveyed is the same conveyed by said Warriner to T C Barnett deceased on the 7th day of September A D 1858 which is recorded in Book N on pages 425-426 of Record Deeds &c in the County Clerks office

To have and to hold the said undivided one half of said 52[redacted] of land as above described unto the said James Jo[redacted] Oliver his heirs and assigns with all the privileges th[redacted]longing or in any way appertaining. And I the Sa[redacted] Slade Barnett Executor as aforesaid do for myself [redacted] Executors & Administrators bind myself to warrant and [redacted] defend the right and title to the above land and

Exhibit

302

Exhibit

Premises unto the said James R Oliver his heirs & assigns free from the claim or claims of all persons whomsoever claiming or to claim the same or any part thereof.

This deed being subject to the following conditions and defeasance, that whereas the said James R Oliver has given the above specified note as the purchase money, now upon the payment of said note with interest in full at maturity then this deed to be absolute in its conditions.

In testimony whereof I have hereunto signed my name & affixed my seal (using a scroll for seal) on this the 18th day of December A D 1869

Signed sealed & delivered in presence of
F W Jordan
Emily Jordan

S Slade Barnett (Seal)
with will of S B Barnett

The State of Texas }
County of Rusk }
Before me the undersigned authority this day came S. Slade Barnett Executor of the last will of S B Barnett deceased to me well known and acknowledged that he signed sealed and delivered the within and foregoing deed for the purposes and considerations therein set forth and expressed.

Given under my hand & seal of office in Henderson this May 30th 1870

W B Harper
Clk Dist Court

Examined

S Slade Barnett to Deed James R Oliver
Filed for record May 30th 1870 at 9 O'clock A.M.

W B Harper
Clk Dist Cy

---

The State of Texas }
County of Rusk }
Know all men by these presents that I, C W Morris of the State and County aforesaid for and in consideration of the sum of One hundred dollars to me in hand paid by James R. Oliver the receipt of which is hereby acknowledged have granted bargained sold released aliened and conveyed, and do by these presents grant bargain sell release and convey unto the said James R Oliver the following tract or parcel of land in the State aforesaid and County of Rusk (Known) on the Sabine River North by East of the town of Henderson beginning at the N E corner of Wm McCrory's 320 acre survey from which a Post Oak 20 In diam bears South 44 E 5 1/10 varas a Red Oak bears N 45° E 8 7/10 varas thence North nineteen hundred varas to a stake from which a Black gum 28 In diameter bears North 58° East 5 varas [illegible] a Post Oak 18 In diameter bears North 13 West 4 varas thence West fifteen hundred varas to a Post on the bank of Sabine River, from which [illegible] 16 In diameter bears North 61° East 4 varas [illegible] 14 In diameter bears South 37° West 16 varas [illegible] South 25° West with said River nine hundred [illegible] varas to a post from which a willow 18 In [illegible] bears South 24 W 17 varas another 20 In diam [illegible] bears

Exhibit

Deed Records, Vol. S, Pages 302-303

302

Exhibit

Premises with the said James R. Oliver his heirs & assigns
free from the claim or claims of all persons whomsoever claim-
ing or to claim the same or any part thereof.
This deed being subject to the following conditions and
defeasance, that whereas the said James R. Oliver has given
the above specified note as the purchase money, now upon
the payment of said note with interest in full at maturity
then this deed to be absolute in its conditions.
In testimony whereof I have hereunto signed my name &
affixed my seal (using a scroll for seal) on this the 18th day
of December A.D. 1869

Signed sealed & delivered in presence of
J. W. Jordan
Emily Jordan

S. Slade Barnett (Seal)
with will of S.B. Barnett

The State of Texas }
County of Rusk }
Before me the undersigned authority this day came S. Slade Barnett Executor of the last will of S.B. Barnett deceased to me well known and acknowledged that he signed sealed and delivered the within and foregoing deed for the purposes and considerations therein set forth and expressed.
Given under my hand & seal of office in Henderson this May 30th 1870
W. B. Harper
Clk Dist Court

Recorded

S. Slade Barnett to Deed James R. Oliver
Filed for record May 30th 1870 at 9 o'clock A.M.
W. B. Harper
Clk Dist C.

The State of Texas }
County of Rusk }
Know all men by these presents that I, C. W. Wren[?] of the State and County afore-said for and in consideration of the sum of One hundred dollars to me in hand paid by James R. Oliver the receipt of which is hereby acknowledged have granted bargained sold released aliened and conveyed and do by these presents grant bargain sell release and convey unto the said James R. Oliver the following tract or parcel of land in the State aforesaid and County of Rusk (Texas) on the Sabine River North by East of the town of Henderson. Beginning at the N.E. corner of Wm. McGeorge 320 acre survey from which a Post Oak 24 in. diam bears South 41 E 5 1/10 varas, a Red Oak bears N 45° E 8 7/10 varas. Thence North nineteen hundred varas to a post from which a Black Jack 28 in. diameter bears North 58° East 5 varas, & a Post Oak 18 in. diameter bears North 13° West 4 varas. Thence West sixteen hundred varas to a post on the banks of Sabine River, from which [illegible] 16 in. diameter bears North 61° East 4 varas, a[illegible] 14 in. diameter bears South 57° West 16 varas. Thence South 25° West with said River nine hundred a[illegible] varas to a post from which a cotton[wood] 19 in. di[ameter] bears South 24° W 17 varas, another 20 in. dia[meter] bears [illegible]

Exhibit

Exhibit

303

South 18° W 8 Varas Thence South one thousand and Seventy Varas to a post from which a pine 24 In diameter bears N 7 East 2 Varas another 30 In diameter bears North 45° West 1 Vara Thence East Sixty thousand and Eight Varas to the place of beginning bearings marked X The above described tract of land is the undivided half of 320 acres of Samuel W Warriner Headright

To have and to hold all and Singular the rights members and hereditaments to the Same belonging or in any wise appertaining unto the Said James R Oliver his heirs or assigns. And I the Said P W Warriner do covenant and bind my self my heirs Executors and Administrators to warrant and forever defend the title to the aforesaid tract of Land unto the Said James R Oliver his heirs or assigns against the lawful claim or claims of all persons whomsoever claiming or to claim the Same or any or any part thereof.

In testimony of all which I hereunto set my hand and affix my seal using no Scrawl for a Seal on this the 22 day of February A D 1867

P W Warriner (Seal)
A G Warriner (Seal)

The State of Texas }
County of Rusk } Before me Jo L McKay Notary Public in and for the State and County Personally appeared P W Warriner whose name appears to the foregoing Deed, and acknowledged he Signed the Same for the Considerations and purposes therein set forth and Expressed. also at the Same time personally appeared A. G. Warriner and being Examined Separate and apart from her Husband. Says that She set her hand and affixed her seal to the foregoing Deed for the Considerations and purposes therein Expressed. without the fear or influence of her husband being of her own accord.

In testimony whereof I hereunto set my hand and affix my Official Seal of office this the 22nd day of February A D 1867

Jo L. McKay
Notary Public

Endorsed P W Warriner & Wife To Deed James R Oliver
Filed May 31st 1870 at 9 O'clock A. M.
W B Harper
Clk, Dist Clk

510

The State of Texas }
County of Rusk } Know all men by these presents that I Daniel J. Parnell of the County & State aforesaid am held and firmly bound unto J M Key of the Same County & State in the Sum of Twelve hundred Dollars Gold, to be paid to the Said J M Key his Executors Administrators or assigns for which payment I bind my self my Administrators and Executors and each of them jointly by these presents, Sealed with my Seal October the 6th A D 1867. Now the Conditions of this obligation is Such that if the above bounden obligor Shall [illegible] 25th day of December A D 1870 Eighteen hundred and Seventy make execute and deliver unto the Said J M [illegible] provided the Said J M Key Shall on or before the [illegible] have paid to the Said obligor

Exhibit

**EXHIBIT 2A**

No 1037. Estate of J R Oliver. Decd

The State of Texas } The County Court of Said County Sitting for
County of Rusk } probate of Wills & other like purposes
May Term 1870

To the Hon John Wilson County Judge of Said County
The petition of S. Slade Barnett respectfully Shows that in or about the 10 of April 1870 J. R. Oliver late a resident Citizen of Said County departed this life and that in his life time the Said J. R. Oliver executed in Writing and the form of Law his last Will and testament and thereby disposed of all of his Estate both real and personal and therein Named and appointed your petitioner Sole executor of Said Will and testament Wherefore your petitioner Comes and files his application as the law directs and prays that due Notice [illegible] be Given that at the next regular Term of this Honorable Court to be held in and for Said County in the last Monday in May instant that Will may be admitted to Probate and letters testamentary thereof Granted to your petitioner and your petitioner Will Ever pray

S Slade Barnett

Notice Whereas S Slade Barnett has filed his petition in the office of the Clerk of the County Court of Rusk County praying to be appointed Executor of the last Will and testament of J. R. Oliver Deceased Notice is therefore hereby given to all persons interested to be and appear at the court next term of the Said court pertaining to the Estates of Deceased persons Guardianship of minors &c to be holden at the court house in the town of Henderson the county seat of Said County on Monday the 28th day of May A.D. 1870 being the last Monday in Said month then and there to Show cause if any they have why Said application Should not be granted

Henderson [illegible] May 16th 1870
W B Barker Clerk of Said Court

I James R Oliver being of Sound mind and memory but being in feeble health do make publish and declare this my last Will and testament that is to Say

I give and bequeath to Lettice Beall and her daughter Emily all my just debts are Paid This I do in consideration of Said ~~[illegible]~~ long and faithfully Services and attention to me in the Past and especially for their Kindness and attention in my presents long Protracted Sickness

I Wish S Slade Barnett to be the Executor of this my last Will and I hereby give him full Power to Wind up the business of my Estate as Speedily as Possibly and without being Controlled by this Court and further than to ~~[illegible]~~ probate this my Last Will and Render a Schedule of my property Specially [illegible] [illegible] [illegible] to [illegible] in testimony Whereof I [illegible] set my hand this the 24 day of [illegible]

TRUE AND CORRECT COPY OF ORIGINAL FILED IN [illegible] COUNTY CLERK [illegible]

90

James R. Oliver

In presents of

S. Slope Barnett
Mathew G. Thornell

The State of Texas } In the County Court of said County of May term
County of Bust ) 1870 this day present, officered in open court
S. Slope Barnett and Mathew G. Thornell the subscribing witnesses
to the foregoing instrument who being by me duly sworn upon his oath
says that he signed saw James R. Oliver sign said instru-
ment that he signed the same in the presence of him the said
Barnett and Mathew Thornell the other witnesses; that he the said
Barnett and said Mathew Thornell at the instrument and request-
ed in the presence of said Oliver subscribed the same and
as witnesses thereto officers further says that said James
R. Oliver at the time he subscribed said instrument declar-
ed said Barnett and Thornell that the same was his last
Will and testament and requested him to subscribe the same
as officered that at the time said Oliver was of sound
and disposing mind and that said witnesses are above
the age of fourteen years sworn to and subscribed before
me on the 30 day of May A.D. 1870.

John Selby County Judge

Bust County Court


A TRUE AND CORRECT COPY
OF ORIGINAL

The State of Texas } To the Hon John Wharry County Judge Rusk County Texas
County of Rusk }

We the undersigned Commissioners appointed at the
. term of the County Court to appraise the Effects belonging to the Estate
of _____ James D _____ do by leave to submit the following report
which includes all the Effects of said Estate both real and personal viz
320 acres of Land _____ on which he resided it

| Situated Rusk Co Valued in gold | $1000.00 |
|---|---|
| 1 Bay Horse 9 years old | 70.00 |
| 1 Sorrel Do 8 " | 50.00 |
| 2 yoke of oxen double and 1 white | 85.00 |
| 2 mill Cows | 10 | 30.00 |
| 1 Do Do | 12.50 |
| 1 Bull 2 years | 8.00 |
| 2 Cow Bull and Calves | 4.00 |
| 15 head of Hogs large and small $8.50 | 85.50 |
| 75 Bushels Corn | 1.50 | 112.50 |
| 100 Bundles of Fodder | 4.00 | 8.00 |
| 1 large Wagon | 25.00 |
| 1 lot ox chains | 1.00 |
| 2 P R H from | 12.00 |
| 1 ox Plow Stock and Plow shovel | 10.00 |
| 1 ½ tooling | 9.00 |
| 1 grass wedge | 1.00 |
| 1 Steel Square | 1.80 |
| 1 spade | 1.00 |
| 1 Do Shitty spade | |
| Amt Forwarded | $1475 |



**EXHIBIT 4**

Exhibit C

W.D. 1008

State of Texas :

County of Gregg :

    Before me, the undersigned authority, on this day
personally appeared
known to me to be the persons whose names are subscribed hereto, who,
after being by me duly sworn, stated on oath:

    "We and each of us are well acquainted with a tract of land
of 290 acres, more or less, in the P. W. Warrener survey, in Gregg County,
Texas, now owned by A. A. King, which tract of land was formerly owned
by J. R. Oliver, and was owned by the said J. R. Oliver at the time of
his death in about the year 1871.   Said tract of land to our personal
knowledge has been under good and substantial fence for the past 52
years.   For the past xxxxxx 15 years said land has been in the open,
adverse, and continuous possession of A. A. King; and prior to that for
the 47 years immediately preceeding the time said land was in the
possession of A. A. King, said land was in the open, adverse and con-
tinuous possession of xxxxxxxxxxxLettie Oliver and her heirs
Lettie Beall and Lettie Oliver is the same person

and prior to that time, said land was in the open, adverse and continuous
possession of J.R. Oliver
for 2 years continuously.

    "We have never heard of any one questioning the title to A. A. King
to said land.   And for at least 60 years, the said A. A. King
and those under whom he claims title, have had open adverse and continuous
possession of said land, paying taxes thereon, and claiming the same
adverse to every body else, and during this time no one has made claim
of title to said land, adverse to the title of the said A. A. King."

Frank Beall

F. H. Jaynes

J. S. Beall

Subscribed and sworn to this the 11th day of March, 193_.
Notary Public, Gregg Co., Texas.

17.

EXHIBIT (1)

# MINERAL DEED AND ROYALTY TRANSFER
## (To Undivided Interest)

KNOW ALL MEN BY THESE PRESENTS:

That __We, A.A.King and wife, Lottie King__

of __GREGG__ County, State of

hereinafter called grantor (whether one or more and referred to in the singular number and masculine gender), for and in consideration of the sum of __Eight Thousand and no/100__ Dollars, paid by *Lee Oil Company, a New Jersey corporation, with an office at Dallas, Texas,* hereinafter called grantee, the receipt of which is hereby acknowledged, has granted, sold and conveyed and by these presents does grant, sell and convey unto said grantee an undivided __One Fourth (1/4th)__ interest in and to all of the oil, gas and other minerals of every kind and character in, on or under that certain tract or parcel of land situated in the County of __GREGG__ State of Texas, and described as follows:

Out of the P.W.Warner Survey, on the Sabine River, North by East from the town of Henderson, Texas, BEGINNING at the N E corner of Wm. McCurry's 320-acre survey, fr wh a P.O. 20 dis Brs S 44 E 5.4 vrs; a R O brs N 43 E 58.1 vrs; THENCE N. 1900 vrs to post, fr wh a B.G. 26 in dia brs N. 58 E 5 vrs and a P.O. 18 in dia Brs S 63 W 6 vrs ; THENCE W 1600 vrs to a post on the bank of Sabine River, fr wh a birch 16 in dia brs N 61 E 4 vrs; another 14 in dia brs S 37 W 16 vrs; THENCE S 25. W with said river 910 vrs to a post, fr wh a willow 18 in dia brs S 54 W 19 vrs, another 20 in dia brs S 18 W 6 vrs; THENCE S 1070 vrs to a post fr wh a post 26 in dia brs N 7 E 9 vrs, another 20 in dia brs N E 9 N 1 vr; THENCE E 2005 vrs to the place of beginning, containing 640 acres of land, more or less. It is agreed by the parties here to that the above consideration shall be computed on the basis of One Hundred Dollars per acre, Base, the acreage to be determined by a survey now being made on the herein described land.

It being the intention, however, of Grantor to include within the terms of this deed not only the above described land, but also any and all other land owned or claimed by Grantor in said survey or surveys in which the above described land is situated or in adjoining surveys and adjoining the above described land.

TO HAVE AND TO HOLD, the said undivided interest in all of the said oil, gas and other minerals in, on and under said land, together with all and singular the rights and appurtenances thereto in any wise belonging, with the right of ingress and egress and possession at all times for the purpose of mining, drilling and operating for said minerals and the maintenance of facilities and means necessary or convenient for producing, treating and transporting said minerals and for housing and boarding employees, unto said grantee, its successors and assigns forever; and Grantor hereby binds himself and his heirs, executors, and administrators hereby agrees to warrant and forever defend all and singular the said interests in said minerals, unto the said grantee, its successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

This conveyance is made subject to any valid and subsisting oil, gas or other mineral lease or leases on said land, including also any mineral lease, if any, heretofore made or being contemporaneously made from grantor to grantee; but, for the same consideration heretofore mentioned, grantor has sold, transferred, and signed and conveyed and by these presents does sell, transfer, assign and convey unto grantee, its successors and assigns, the same undivided interest (as the undivided interest hereinabove conveyed in the oil, gas and other minerals in said land) in all the rights, rentals, royalties and other benefits accruing or to accrue under said lease or leases from the above described land; to have and to hold unto grantee, its successors and assigns.

For the same consideration hereinabove mentioned, Grantor agrees that in case he at any time has a bona fide offer and desires to sell or lease all or any portion of the remaining interest in the minerals in and under said land, he will give Grantee written notice sent by registered mail to Grantee's address given above, naming the party to whom he desires to sell or lease and the terms and conditions of such sale or lease and Grantee for a period of 5 days from receipt of such notice shall have the option to purchase or lease such interest at the price and on the terms and conditions contained in said notice.

WITNESS the signature of the grantor this __6__ day of __February__ 1931.

A.A.King

Lottie King

Exhibit D

**EXHIBIT 6**

543

The State of Texas    )

County of Dallas      )

      Before Me, the undersigned, a Notary Public in and for said County and State on this day personally appeared D B Blaine and Tom L Sessions,both known to me to be the persons whose names are subscribed to the foregoing instrument,and each acknowledged to me that they executed the same for the purposes and consideration there-s in expressed.

      Given under my hand and seal of office this the 7th day of March, A D 1935.

    (L.S.)                     W C Smith

                    Notary Public in and for Dallas County,Texas.

Filed for record March 22, 1935 at 1:15 oclock P M,

Recorded April 2, 1935 at 11:10 oclock A M.

                *Hugh Shaw*

        Clerk County Court, Gregg County,Texas(B.W.)

- - - - - - - - - - - - - - - - -

        3231.

        Quitclaim.

State of Texas   ).

County of Gregg  )   KNOW ALL MEN BY THESE PRESENTS:

      That I, Otto Morris, a resident of Tarrant County,Texas, for and in consideration of the sum of Ten($10.00) Dollars and other good and valuable consideration, to me in hand paid by A A King of the County of Gregg and State of Texas, receipt of all of which is hereby acknowledged and confessed do by these presents bargin, sell, convey,release and forever quitclaim unto the said A A King,his heirs and assigns,all my right,title and interest in and to that certain tract and parcel of land lying,situated and being in the County of Gregg,State of Texas, and being a tract containing 366.7 acres of land more or less,out of the P W Warrener Survey in Gregg County,Texas,more particularly described as follows,towit:

      Beginning at the N E corner of said P W Warrener Survey the N W corner of the J G Walker Survey;

      Thence South with the East line of said Warrener Survey and West line of said Walker Survey 1216.3 vrs for the S E corner of this tract;

      Thence West 1667 vrs more or less, the E B L of a 120 acre tract of land conveyed by P W Warrener to Tabitha C Barnett by deed of date January 11, 1850,recorded in Vol N,page 26, Deed Records of Rusk County,Texas;

      Thence North with E B L of said 120 acre tract 1217.3 vrs more or less,to the Sabine River, the N W corner of said P W Warrener Survey and of this tract,and the S W corner of the Alexander Carmack Survey;

      Thence East 1697 vrs more or less, with the South line of said Alexander Carmack Survey and the North line of the said P W Warrener Survey to the place of beginning.

      Being the same land conveyed by P W Warrener and wife to James R Oliver by deed dated February 22, 1867, and recorded in Vol S,on page 302 of the Deed Records of Rusk County,Texas, and same being land described in deed from S S Barnett Ex to James R Oliver dated Dec 15, 1869, and recorded in Vol S,page 301, Deed Records of Rusk County,Texas,and is the same land bequeathed to Lettuce Beall and her daughter Emily by will of the said James R Oliver duly probated February 24, 1870, Rusk County Texas.

      To have and to hold the said premises, together with all and singular the the rights,privileges and appurtenances thereto in any manner belonging unto the said A A King,his heirs and assigns forever,so that neither I, the said Otto Morris nor any person or persons claiming under me shall at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof.

      This conveyance is subject to a certain oil,gas and mineral lease executed by A A King and wife,Lottie King,on or about October 15, 1930, to J R Stebbins (Stevvine) covering and intending to cover the lands and premises above described,of record in the Deed Records of Gregg County,Texas, in Vol 62,page 65, to which reference is here made,and a certain ratification thereof executed by A A King and wife to Sinclair Oil and Gas Company on or about the 4th day of December,1931, of record in Volume14,page 441, of the Deed Records of Gregg County Texas, to which reference


True and correct copy of original, filed in the Gregg County Clerks Office

544

is made, each of which instruments and the record thereof is hereof made a part to the same extent as if copied and set out herein in all of their terms, words, figures and provisions, which said oil and gas lease and the estates created thereby,together with the ratification thereof are now owned by Sinclair Prairie Oil Company,as successor to Sinclair Oil and Gas Company,as evidenced by written assignment from J R Stebbins of record in the Deed Records of Gregg County Texas, Vol 61, page 213.

And for the same consideration I do by these presents in all things ratify and confirm said oil,gas and mineral lease, and hereby confirm unto Sinclair Prairie Oil Company all right, title, interest and estates created thereby in the lessee to the same full force and effect and to the same extent as if I had been a lessor or grantor in said oil,gas and mineral lease; and by these presents I do confirm title in the said A A King and those claiming under him in and to all rights,titles,interests and estates created in favor of lessors in said lease, and I relinquish and quitclaim unto the said Sinclair Prairie Oil Company all interest in and to any and all oil,gas and other minerals heretofore produced or which may hereafter be produced by it as lessee or grantee under said lease, and I relinquish and quitclaim unto the said A A King, and those claiming under him,all rents and royalties reserved under the said oil and gas lease,and that have accrued or may accrue in the future.

Witness my hand at Longview, Texas,this 22 day of March, A D 1935.

Otto Morris

The State of Texas   )
County of Tarrant    )

Before Me, the undersigned authority,on this day personally appeared Otto Morris,known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 22 day of March, A D 1935.

(L.S.)                                    Nellie Landry

Notary Public, Tarrant County Texas.

Filed for record March 22, 1935 at 1:16 oclock P M,

Recorded April 2, 1935 at 11:50 oclock A M.

~~Dank Stand~~

Clerk County Court, Gregg County,Texas(B.W.)

- - - - - - - - - - - - - - - - - - - - - -

3232.

Quitclaim Deed.

State of Texas   )
County of Gregg  )    KNOW ALL MEN  BY THESE PRESENTS: :

That I, Clara Virginia Weinstock a feme sole, a resident of Shreveport,Caddo Parish,Louisiana, for and in consideration of the sum of Ten ($10.00) Dollars and other good and valuable considerations to me in hand paid by A A King of the County of Gregg, and State of Texas, receipt of all of which is hereby acknowledged and confessed, do by these presents bargain, sell, convey,release and forever quitclaim unto the said A A King,his heirs and assigns,all my right, title and interest in and to that certain tract and parcel of land,lying,situated and being in the County of Gregg,State of Texas, and being a tract containing 366.7 acres of land,more or less,out of the P W Warrener Survey in Gregg County,Texas,more particularly described as follows,towit

Beginning at the N E corner of said P W Warrener Survey the N W corner of the J G Walker Survey;

Thence South with the East line of said Warrener Survey and West line of said Walker Survey 1216.3 vrs for the S E corner of this tract;

Thence West 1687 vrs. more or less, the E B L of a 120 acre tract of land conveyed by P W Warrener to Tabitha C Barnett by deed of date January 11, 1850, recorded in Vol H, page 25, Deed Records of Rusk County,Texas;

Thence North with E B L of said 120 acre tract 1217.3 vrs more or less, to the Sabine River, the N W corner of said P W Warrener Survey and of this tract, and the S W corner of the Alexander Carmack Survey;

Thence East 1697 vrs more or less, with the South line of said Alexander Carmack Survey and the North line of the said P W Warrener Survey to the place of beginning;

Being the same land conveyed by P W Warrener and wife to James R Oliver, deed dated February 22, 1847, and recorded in Vol S, on page 302, of the Deed Records of Rusk County,Texas, and same being land described in deed from S S Barnett Ex to

I, Connie Wade, County Clerk of Gregg County, Texas do hereby certify that the foregoing, consisting of 2 pages, is a true and correct copy of the original now on file and/or recorded in the

Vol 179 Pg 543-544 deed records

april 28, 2017                          Date

Connie Wade, County Clerk
Gregg County, Texas

By Judy McKnight                      Deputy

**EXHIBIT 6A**

615

1511

THE STATE OF TEXAS        X
                                   KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF GREGG           X

That I, A. A. King, of Gregg County, Texas, for and in consideration of TEN AND NO/100 ($10.00) DOLLARS, and other valuable consideration cash in hand paid by Viola King Kinsey, Edward B. King and John Solon King out of their separate funds, receipt of which is hereby acknowledged, has granted, sold and conveyed and by these presents do grant, sell and convey unto the said Viola King Kinsey, Edward B. King and John Solon King, in equal portions and for their respective separate estates, the following described land situated in Gregg County, Texas, to wit:

Being all and parts of the P. W. Warrener, A. Cormack, John Kaiser, J. G. Walker, N. McCurry and both E. H. Angell Surveys, and, BEGINNING at an iron stake set for the NE corner of the Silas Baggett Survey on the south bank of Sabine River at the foot of Baton's Bluff from which a 28" Black gum old "X" on West side bears South 84 degrees east 3.5 varas; THENCE West with and along the north line of said Baggett Survey 640 varas to the NW corner thereof; THENCE South with and along its west line 536 varas to the recognized SE corner of the N. McCurry Survey and NE corner of the Jas. Hillyard Survey; THENCE West with and along the recognized line between the two last mentioned surveys 268.6 varas to the SW corner of a tract of land in the N. McCurry Survey, described as "Fourth Tract" in deed from J. R. Castleberry et al to A. A. King, et al, dated October 17, 1923, of record in Volume 47, page 566, Deed Records of Gregg County, Texas; THENCE North with and along the west line of said last mentioned tract 980 varas to the NW corner thereof in the recognized south line of the J. G. Walker Survey; THENCE West with and along the recognized south line of said Walker Survey 1300 varas, more or less, pass SE corner of a 10.92 acre tract described in Judgment which appears of record in Volume 214, page 316, Deed Records, of Gregg County, Texas, continuing west with and along the south line of said 10.92 acre tract and the south line of the Sinclair

 True and Correct copy of original filed in the Gregg County Clerk Office

616

Prairie Oil Company's A. A. King "A" Lease, in
all 2998 varas, more or less, to the SW corner of
said lease;
THENCE North with and along the west line of said
lease, with and along the east lines of Shell
Petroleum Corporation's Nellie Jobe lease and the
Angus G. Wynne et al A. A. King lease, 1250 varas,
more or less, to the south bank of Sabine River;
THENCE down said River with and along the meanders
of the south bank of same to the NE corner of the
Silas Baggett Survey, to wit:  the place of be-
ginning.

SECOND TRACT:
A part of the John Moffitt Survey and more par-
ticularly described by metes and bounds as follows,
to wit:
BEGINNING at the SW corner of said survey which
is also the NW corner of the M. Garrett Survey;
THENCE East with and along the line between said
surveys 829.5 varas for SE corner of the tract
being described;
THENCE North 389.5 varas for NE corner of the
tract being described;
THENCE West 839.5 varas to the east line of the
L. B. Outlaw Survey for NW corner of tract being
described;
THENCE South with and along the line between the
Outlaw and Moffitt Surveys 389.5 varas to the place
of beginning, containing 57.14 acres of land, more
or less.

It is my intention to convey, and I do convey, to grantees

all of the land owned by me in the P. W. Warrener, A. Cormack,
John Moffitt,
John Kaiser, J. G. Walker, M. McCurry and both E. H. Angell

Surveys, Gregg County, Texas, whether or not the same is included

in the above described land.

TO HAVE AND TO HOLD the above described premises, to-

gether with all and singular the rights and appurtenances thereto

in anywise belonging unto the said Viola King Kinsey, Edward B.

King and John Solon King, for their respective separate estates,

their heirs, executors and administrators, to warrant and forever

-2-


True and Correct copy of original
filed in the Gregg County
Clerk Office

617

defend all and singular the said premises unto the said Viola King Kinsey, Edward B. King and John Solon King, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

WITNESS MY HAND this 27ᵗʰ day of January, 1961.



A. A. KING

THE STATE OF TEXAS    I

COUNTY OF GREGG    I

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared A. A. King, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 27ᵗʰ day of January, A. D. 1961.

E. J. Bean

Notary Public in and for Gregg County, Texas

-3-

Filed for Record on the 2nd day of Feb A.D. 19 61 at 1:42 o'clock P M.

Duly Recorded this the 6th day of Feb A.D. 19 61 at 11:00 o'clock A M.

LEWIS H. RICHARDSON, COUNTY CLERK

Gregg County, Texas

Instrument No.

By Bonnie Mott Deputy.

**EXHIBIT 6B**

GCC 9905719 11 pgs

GF#981288/USTC/mc

THE STATE OF TEXAS    X
COUNTY OF GREGG     X

### WARRANTY DEED WITH VENDOR'S LIEN

Grantor:
1. Viola King Kinsey, Individually and as Trustee of the Viola King Kinsey Living Trust, dated November 20, 1987;
2. Edward B. King;
3. Carolyn King Young, Individually and as Co-Executrix of the Estate of John Solon King, Deceased; and
4. Barbara King Pletcher, Individually and as Co-Executrix of the Estate of John Solon King, Deceased.

Each of us dealing with our sole and separate property and not joined by spouses because the property constitutes no part of our business or residence homestead.

Grantee: Strother Timberlands, LTD

Grantee's Mailing Address: P.O. Box 755
Troy, AL  36081

Consideration:
Ten and No/100 Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and the further consideration of the execution by Grantee of its one certain promissory Note of even date herewith in the original principal sum of Three Hundred Forty-Seven Thousand Eight Hundred Seventy-Seven and 67/100 Dollars ($347,877.67) payable to the order of Grantor herein.

Property (including any improvements):
All those certain tracts of land located in Gregg County, Texas, and described on Exhibit "A" attached hereto and incorporated herein for all purposes (herein called the "Property").

Reservations from Conveyance:
This Deed is executed by Grantor expressly subject to the following:

a.    All existing and outstanding mineral and royalty reservations and conveyances and all outstanding oil, gas and mineral leases;

b.    All visible and apparent easements and rights-of-way, the existence of which do not appear of record;

c.    All reservations, restrictions, easements and right-of-way of record;

d.    The grass lease to Bill Johnson, which shall terminate one hundred twenty (120)



True and Correct copy of original filed in the Gregg County Clerk Office

days after delivery of this Deed;

e.  Any discrepancies, conflicts, easements, encroachments or shortages in the area or boundary lines shown on the survey covering the Property conveyed hereunder, prepared by David W. Watson dated July, 1998;

f.  Any of the Property which lies within the shores or beds of a navigable stream or river and owned or claimed by the State of Texas;

g.  1999 property taxes, assessments and any rollback taxes due to a change in land use or ownership assessed in 1998 or thereafter.

h.  BY ACCEPTING DELIVERY OF THE DEED, GRANTEE, ITS SUCCESSORS AND ASSIGNS, ACCEPTS THE PROPERTY IN ITS "AS-IS CONDITION," INCLUDING THE ENVIRONMENTAL OR OTHER CONDITION OF THE PROPERTY, WITHOUT WARRANTY, EXPRESS OR IMPLIED, EXCEPT AS TO THE WARRANTY OF TITLE; PROVIDED, HOWEVER, GRANTEE EXPRESSLY DOES NOT ASSUME, AND SPECIFICALLY DISCLAIMS ENVIRONMENTAL LIABILITY, IF ANY, NOW EXISTING, WHICH AROSE PRIOR TO GRANTEE'S TAKING TITLE HERETO.  NOTHING HEREIN IS INTENDED TO RELEASE ANY THIRD PARTY OR ANY PRIOR OR PRESENT LESSEE OF THE PROPERTY OR ANY LESSEE OF THE OIL, GAS OR OTHER MINERALS UNDER THE PROPERTY FROM ANY ENVIRONMENTAL OR OTHER LIABILITY RELATING TO THE PROPERTY.

All oil, gas, liquid hydrocarbons and other gaseous substances and all other minerals of every kind, in, on, under or related to the Property, are expressly reserved to the Grantor, their successors and assigns.  This reservation also covers the tracts lying within or adjacent to the Sabine riverbed and all oil, gas and mineral interests under or related thereto, including ingress and egress rights thereto.  However, coal and lignite located at or near the surface which could be reasonably mined only by a substantial destruction of the surface are excluded from this reservation.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, GRANTS, SELLS, AND CONVEYS to Grantee the Property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever.  Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from conveyance, by, under and through Grantor, but not otherwise.

The vendor's lien against and superior title to the property are retained until said note described is fully paid according to its terms, at which time this deed shall become absolute.

 True and Correct copy of original filed in the Gregg County Clerk Office

When the context requires, singular nouns and pronouns include the plural.

SIGNED the 4 day of March , 1999.   Effective February 26, 1999.


Viola King Kinsey, Individually and as Trustee
Of the Viola King Kinsey Living Trust, dated
November 20, 1987.


Edward B. King


Carolyn King Young, Individually and as
Co-Executrix of the Estate of John Solon King,
Deceased.


Barbara King Pletcher, Individually and as
Co-Executrix of the Estate of John Solon King,
Deceased.


STATE OF   MISSISSIPPI     X
COUNTY OF  Pontotoc        X

This instrument was acknowledged before me on the 4th day of
March , 19 99 by VIOLA KING KINSEY, INDIVIDUALLY AND AS
TRUSTEE OF THE VIOLA KING KINSEY LIVING TRUST, DATED NOVEMBER 20, 1987.


Notary Public, State of Mississippi
MY COMMISSION EXPIRES:
JUNE 14, 2002



True and Correct copy of original
filed in the Gregg County
Clerk Office

STATE OF TEXAS      X
COUNTY OF JOHNSON    X

This instrument was acknowledged before me on the _1_ day of _MARCH_, 19 _99_ by EDWARD B. KING.

_Linda Hall_
Notary Public, State of Texas

> LINDA HALL
> NOTARY PUBLIC
> STATE OF TEXAS
> My Commission Expires 04-04-2002

STATE OF TEXAS      X
COUNTY OF JOHNSON    X

This instrument was acknowledged before me on the _1_ day of _March_, 19 _99_ by CAROLYN KING YOUNG, INDIVIDUALLY AND AS CO-EXECUTRIX OF THE ESTATE OF JOHN SOLON KING, DECEASED.

_Kay Adair_
Notary Public, State of Texas

> KAY ADAIR
> Notary Public, State of Texas
> My Comm. Expires 10-25-99

STATE OF TEXAS      X
COUNTY OF DALLAS     X

This instrument was acknowledged before me on the 3rd day of _March_, 19 _99_ by BARBARA KING PLETCHER, INDIVIDUALLY AND AS CO-EXECUTRIX OF THE ESTATE OF JOHN SOLON KING, DECEASED.

Notary Public, State of Texas

> DINAH L. BRENDLE
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 07/01/2000

Strother.WD



True and Correct copy of original filed in the Gregg County Clerk Office

TRACT ONE:

All that certain lot, tract, or parcel of land lying south of and adjoining the Sabine River, approximately 6 miles west southwest of the County Courthouse in Gregg County, Texas, south of the City of White Oak and southwest of the City Of Longview, and being: all of the Alex Cormach Survey, Abstract 265; all of the J.G. Walker Survey, Abstract 215; all of the E.H. Angell Surveys, Abstracts 250 and 251; part of the John Keizmer Survey, Abstract 120; part of the P.W. Warraner Survey, Abstract 214; and part of the M. McCurry Survey, Abstract 270, all in Gregg County, Texas, which is all of the contiguous land in said Surveys known as the King Estate, and being more particularly described by metes and bounds as follows:

BEGINNING at a very old square axle found in place on the south bank of the Sabine River, for the east corner of the Angell Survey, Abstract 251; the northeast corner of the Silas Baggett survey; and the northwest corner of the Nathan Screws Survey, Abstract 192, said corner being the easterly southeast corner of the King Estate;

THENCE with the line common to the said Angell and Baggett Surveys, South 89 degrees 02 minutes 12 seconds West 1306.58 feet to an old stone mound found in place for the southwest corner of the Angell, Abstract 251, and the easterly southeast corner of the M. McCurry Survey;

THENCE with a line common to the Baggett and M. McCurry Surveys, south 88 degrees 16 minutes 38 seconds West 429.06 feet to an axle found in place at a fence corner, on the east side of an oil service road, for the northwest corner of the Baggett Survey and a reentrant corner of the M. McCurry Survey;

THENCE continuing with a line common to the Baggett and M. McCurry Surveys, south 1 degree 38 minutes 25 seconds East 1487.46 feet to a railroad iron (which is an old railroad rail set vertically in the ground) found in place for the southerly southeast corner of the M. McCurry Survey; the northeast corner of the James Hillyard Survey, Abstract 102, Gregg County, Texas; and the southerly southeast corner of the King Estate, near an old rotted fence corner;

THENCE with the line common to the Hillyard Survey and the M. McCurry Survey and generally along an old fence line, South 88 degrees 59 minutes West 1398.88 feet to a cedar fence corner post, for the northwest corner of that certain 50 acres described under "First Tract" in the deed from B.L. Britt & wife Florence Britt to A.A. King, dated 7 December 1954 and recorded in Vol. 446, Pg. 455, Deed Records of Gregg County, Texas (DRGCT) and the southerly Southwest corner of the King Estate;

THENCE departing said Survey line with the west line of said "First Tract", entering the original 100 acres from which said "First Tract" was created, North 2 degrees 49 minutes West 289.60 feet to a 2 inch pipe found in place at an 8 inch fence corner;

THENCE continuing with the west line of said "First Tract" and generally along or near the remains of an old fence, North 1 degree 11 minutes 15 seconds West 1223.30 feet to a cross-tie fence corner post for the occupied southeast corner of the tract described as 22.5 acres under "Second Tract" in said Vol. 446, Pg. 455;

Continued-Next Page

Exhibit _____ A _____
Page _____ 1 _____ of _____ 6 _____

 True and Correct copy of original filed in the Gregg County Clerk Office

**\*\*EXHIBIT A CONTINUED\*\***

THENCE with the occupied south line of "Second Tract" and the north line of the
residue from the original 100 acres, South 84 degrees 39 minutes 35 seconds West
422.92 feet to a 3/4 inch iron pin found in place at a 4 inch pipe post;

THENCE continuing with said occupied line between "Second Tract" and the residual
tract, South 83 degrees 11 minutes 26 seconds West 346.05 feet to an old 8 inch
fence corner, for the southwest corner of "Second Tract"; the west line of the
original 100 acres; and the middle southwest corner of the King Estate;

THENCE with the west line of "Second Tract" and the west line of its 100 acre parent
tract, and generally along a fence, North no degree 05 minutes 41 seconds East
1191.0 feet to a 6 inch fence corner post for the northwest corner of the 100 acres;
the northwest corner of "Second Tract"; the line common to the M. McCurry and J.G.
Walker Surveys; the northeast corner of the tract known as the 15.53 acre Sam Carr
tract, which was formerly known as the Sam Carr Survey, Abstract 294, whose patent
was later rescinded; and the southwest corner of the 12.42 acre Donnie Carr tract,
which was formerly known as the Donnie Carr Survey, Abstract 293, whose patent was
later rescinded;

THENCE with the line common to the J. G. Walker and M. McCurry Surveys, South 87
degrees 50 minutes 48 seconds West, at 1208.67 feet crossing the center line of
State Highway No. 42, and continuing in all 2065.73 feet to the southwest corner of
the J. G. Walker Survey and the southeast corner of the 10.94 acre State of Texas
Public School Land tract described in the final judgement of the suit styled
Sinclair Prairie Oil Company vs. Frank Cole, et al, under Cause No. 3204 of the U.S.
District Court, Eastern District of Texas, Tyler Division;

THENCE with the line common to the J.G. Walker Survey and said Public School Fund
tract, North 6 degrees 54 minutes 12 seconds West 3490.76 feet (also called 3484.0
ft.) to a 2 inch pipe found in place for the north corner common to the J. G. Walker
P. W. Warraner Surveys and the north corner of the 10.94 acre Public School Fund
Tract, in the South line of the Cormach survey; whence Well No. 10 of the Sinclair
Prairie Oil Company on King & Andrews tract, "Alexander Carmack", bears N 15
deg. 18' E 158.5 ft.;

THENCE with the line common to the Public School fund 10.94 acres and the P. W.
Warraner Survey, South 2 degrees 23 minutes 33 seconds East; at 435.1 feet passing
10.3 feet east of Well No. 21 of the Sinclair Prairie Oil Company on the A. A. King
tract, P.W. Warraner Survey; at 1099.0 feet padding 15.4 feet east of the Sinclair
Prairie Oil company Well No. 36 on the A. A. King tract, P. W. Warraner Survey; at
1773.4 feet passing 4.3 feet east of the Sinclair Prairie Oil Company Well No. 16 on
the A. A. King tract, P. W. Warraner Survey; at 2457.6 feet passing 35.3 feet
(called 15.6 ft) east of Well No. 32 of Sinclair Prairie Oil Company on the A. A.
King tract, P. W. Warraner Survey; at 3141.0 feet passing 58.8 feet east of Well No.
12 on the A. A. King tract, P. W. Warraner Survey; and continuing in all a total of
3478.80 feet to a T Post set for the southwest corner of the Public School Fund
10.94 acres; the northwest corner of the M. McCurry Survey; the southeast corner of
that certain tract described as 366.7 acres in the deed from Otto Morris to A. A.
King, dated 22 March 1935 and recorded in Vol. 179, Pg. 543, DRGCT; and the
northeast corner of a 200 acre tract out of the Warraner Survey to Elijah Loyd in
the deed dated 1/11/1850 and recorded in Vol. M, Pg. 502, DR Rusk CT;

<div align="center">

Continued-Next Page

Exhibit _A_
Page _2_ of _6_

</div>


True and Correct copy of original
filed in the Gregg County
Clerk Office

**\*\*EXHIBIT A CONTINUED\*\***

THENCE across the Warraner Survey with the line common to the 366 and 200 acre tracts, South 88 degrees 03 minutes 53 seconds West 4396.29 feet to a point in River Road, a paved road open to and used by the Public, where an 8 inch fence corner post bears N 88 deg. 03' 53" E 24.2 ft, for the westerly southwest corner of the King Estate, on the east side of Tract 5 of the partition of the Humphry and Nellie Lockhart Estate, according to the plat at the end of the partition Deed that begins at Vol. 437, Pg. 374, DRGCT;

THENCE North 1 degree 41 minutes 56 seconds West, up the center of River Road with the west line of the King Estate and along the east side of Lots 5 through 9 of the Lockhart partition, as evidenced by several 3 inch pipes found in place on the west side of the road and generally 25 to 30 feet west of this line, in all 2297.12 feet to a point in the road for the southeast corner of that certain 6.622 acres described in the deed from Enstar Corporation to Curtis A. Powell & Georgia Powell, husband & wife, dated 27 August 1986 and recorded in Vol. 1720, Pg. 452, Gregg County Public Official Records, where a 3 inch pipe found in place on the west side of River Road for a reference to said corner bears N 73 deg. 28' W 26.50 ft;

THENCE with the line common to the King Estate and said 6.622 acres, North 3 degrees 21 minutes West 1220.68 feet to a 5/8 inch iron pin found on the South bank of the Sabine River for the north corner of the 6.622 acres, the northwest corner of the P. W. Warraner Survey, and the west corner of the Alex Cormach Survey, Abstract 265, whence Sinclair Oil & Gas Well No. 27 bears N 89 deg. 58' E 95.7 ft;

THENCE with the meanders of the north line of the Cormach and Keisser Surveys and the line between the State owned river bed and the King Estate, the following twenty-one chords of 400.0 feet each, along the following sequence of bearings:

(1) N 38 deg. 14' 19" E, (2) N 31 deg. 41' 19" E, (3) N 30 deg. 56' 47" E, (4) N 30 deg. 36' 32" E, (5) N 44 deg. 03' 49" E, (6) N 74 deg. 15' E, (7) N 81 deg. 39' E, (8) N 84 deg. 08' 08" E, (9) N 73 deg. 53' 48" E, (10) N 60 deg. 23' 51" E, (11) N 46 deg. 52' 36" E, (12) N 52 deg. 23' 23" E, (13) N 57 deg. 21' 09" E, (14) N 57 deg. 54' 57" E, (15) N 61 deg. 01' 47" E, (16) N 65 deg. 03' 30" E, (17) N 73 deg. 26' 25" E, (18) N 74 deg. 45' 10" E, (19) N 76 deg. 20' 18" E, (20) N 76 deg. 38' 46" E, and (21) N 81 deg. 33' E;

THENCE continuing with said meander line and the line between the State owned river bed and the King Estate, North 80 degrees 40 minutes 30 seconds East 840.04 feet to the center line of State Highway 42 at the south end of its bridge over the Sabine River;

THENCE continuing with the meanders of the south and west lines of the State owned river bed and the lines of the John Keisser and E. H. Angell, Abstract 250, Surveys, the following fourteen chords of 400.0 feet each, along the following sequence of bearings:

(a) N 74 deg. 46' 34" E, (b) S 76 deg. 06'17" E, (c) S 56 deg. 51' E, (d) S 50 deg. 44' 40" E, (e) S 29 deg. 07' E, (f) S 11 deg. 46' 22" E, (g) S 07 deg. 22' W, (h) S 30 deg. 49' 53" W, (i) S 13 deg. 13' 08" W, (j) S 4 deg. 53' 30" W, (k) S 13 deg. 28' 45" E, (l) S 46 deg. 47' 21" E, (m) S 18 deg. 04' E, and (n) S 25 deg. 02' W;

THENCE continuing with the meanders of the south and west lines of the State owned

Continued-Next Page

Exhibit
Page___3___ of ___6___



True and Correct copy of original filed in the Gregg County Clerk Office

**\*\*EXHIBIT A CONTINUED\*\***

river bed and the lines of the E.H. Angell Survey, Abstract 250, the following twenty-six courses and distances:

(aa) S 38 deg. 53' 50" W 567.55 ft. (bb) S 27 deg. 41' 31" E 467.60 ft, (cc) S 80 deg. 33' 43" E 260.05 ft, (dd) N 28 deg. 50' 30" E 297.44 ft, (ee) N 22 deg. 07' 45" E 335.10 ft, (ff) N 14 deg. 11' E 188.06 ft, (gg) N 50 deg. 53' 07" E 358.22 ft, (hh) N 89 deg. 54' 38" E 224.07 ft, (ii) S 65 deg. 46' E 411.51 ft, (jj) S 84 deg. 16' 31" E 486.66 ft, (kk) S 17 deg. 38' 27" E 205.37 ft, (ll) S 17 deg. 44' 48" W 322.23 ft, (mm) S no deg. 39' 28" E 540.17 ft, (nn) S 33 deg. 07' 40" W 410.77 ft, (oo) S 56 deg. 10' 04" W 438.04 ft, (pp) S no deg. 06' W 257.99 ft, (qq) S 30 deg. 28' 41" E 328.30 ft, (rr) S 15 deg. 56' W 140.54 ft, (ss) S 67 deg. 37' W 356.43 ft, (tt) N 56 deg. 26' W 251.15 ft, (uu) N 53 deg. 25' W 243.29 ft, (vv) S 66 deg. 03' 24" W 286.40 ft, (ww) S 62 deg. 48' 48" W 322.75 ft, (xx) S 43 deg. 55' 30" W 215.31', (yy) S 29 deg. 26' E 69.61', and (zz) S 7 deg. 31' 30" E 336.60 feet to a point at or near the southeast corner of the Angell Survey, Abstract 250 and the North Corner of the Angell Survey, Abstract 251;

THENCE continuing with the meanders of said south and west lines and the northeast line of the E. H. Angell Survey, Abstract 251, the following five chords of 300.0 feet each, along the following sequence of bearings:

(1a) S 19 deg. 59' 13" E, (2a) S 31 deg. 24' 38" E, (3a) S 46 deg. 18' 55" E, (4a) S 55 deg. 02' 10" E, and (5a) S 65 deg. 44' E;

THENCE continuing with the meanders of said south and west lines and the northeast line of the E. H. Angell Survey, Abstract 251, South 70 degrees 12 minutes East 364.07 feet to the point of beginning, encompassing in all some 1,533.27 acres of land, more or less.

SAVE AND EXCEPT ANY PORTION OF THE SUBJECT PROPERTY LYING WITHIN A PUBLIC ROADWAY, WHETHER DEDICATED OR NOT;

SAVE AND EXCEPT FROM SAID 1,533.27 ACRES ANY PART OF THE 30 ACRES IN THE SOUTHEAST CORNER OF THE JOHN KEISSER SURVEY, ABSTRACT 120, OWNED OR CLAIMED BY W.D. REYNOLDS, ET AL, PRIOR RECORD OWNER, AND HIS HEIRS, DEVISEES, SUCCESSORS AND ASSIGNS, DESCRIBED IN A DEED RECORDED IN VOLUME 191, PAGE 345, DEED RECORDS, GREGG COUNTY, TEXAS.

SAVE AND EXCEPT FROM SAID 1,533.27 ACRES ANY PART OF THE 30 ACRES IN THE SOUTHEAST CORNER OF THE JOHN KEISSER SURVEY, ABSTRACT 120, OWNED OR CLAIMED BY W.H. SANFORD, PRIOR RECORD OWNER, AND HIS HEIRS, DEVISEES, SUCCESSORS AND ASSIGNS, DESCRIBED IN A DEED RECORDED IN VOLUME 190, PAGE 342, DEED RECORDS, GREGG COUNTY, TEXAS.

TRACT TWO:

All that certain lot, tract or parcel of land in the John Moffitt Survey, Abstract 134, Gregg County, Texas, being a residual tract out of that certain 54 acres described in the deed from Sanders Carr to A. A. King, dated 16, April 1929 and recorded in Vol. 57, Pg. 542, Deed Records of Gregg County, Texas (DRGCT), said residual tract lying South of and adjoining the right-of-way (R/W) for Interstate Highway 20 (I-20), a controlled access highway, and being more particularly described by metes and bounds as follows:

Continued-Next Page

Exhibit
Page 4 A of 6

True and Correct copy of original filed in the Gregg County Clerk Office

**\*\*EXHIBIT A CONTINUED\*\***

BEGINNING at a 3/8 inch iron pin found in place at a tall 5" diameter steel post, for the intersection of the South line of the I-20 R/W with the east line of that certain 10 acres described in the deed from Dennis D. Darryl, Trustee to Roosth Production Company, dated 12/23/96 and recorded in Vol. 3039, Pg. 445, Public Official Records of Gregg County, Texas;

THENCE with the South line of the I-20 R/W the following three courses and distances:

(1) North 81 degrees 58 minutes East 70.38 feet to an upright concrete R/W marker found in place,
(2) North 77 degrees 59 minutes East 197.74 feet to a broken upright concrete R/W marker found in place, whence the Chevron USA/A.A. King Well No. 4 bears S 2 deg. 13' E 19.20 ft., and
(3) South 84 degrees 34 minutes East 123.30 feet to a 5/8 inch iron pin set for the Northeast corner of this residual tract and the Northwest corner of that certain 0.528 acre described in the deed from James L. Denmon and Margaret Denmon to Rhonda D. Munn, dated 1/18/94 and recorded in Vol. 2627, Pg. 454, Gregg Public Official Records;

THENCE with the West line of said 0.528 acre, South no degree 54 minutes East 92.39 feet to an "X" found cut in a concrete slab with the remains of a 5" post in it, for the Southwest corner of the 0.528 acre and a Northwest corner of that certain tract of unspecified area described in the deed from A. A. King to Isaac Jackson and wife, Fannie Mae Jackson, dated 12/16/42 and recorded in Vol. 272, Page 336, DRGCT, whence a 2 inch pipe found in place for the Southeast corner of the 0.528 acre at an old fence corner post bears N 88 deg. 54' E 254.08 ft.;

THENCE with a west line of said Jackson tract, South 4 degrees 44 minutes East 125.0 feet to a 5/8 inch iron pin set for the Northeast corner of that certain 2 acres described in the deed from A. A> King to Viola King Lipscomb, dated 5/26/55 and recorded in Vol. 462, Pg. 428, DRGCT, whence a 5" steel fence corner post for the Northeast corner of the 2 acres described in the above mentioned deed from Darryl to Roosth Production, recorded in V. 3039, P. 445, bears S 4 deg. 44' E 275.70 ft;

THENCE with the North line of said Lipscomb 2 acres, South 89 degrees 04 minutes West 394.65 feet to a 5/8 inch iron pin set for the Northwest corner of the 2 acres; the East line of the Roosth Production 10 acres mentioned above; and the Southwest corner of this tract, at a chain link fence around the Roosth Production Company property;

THENCE with the East line of the Roosth Production 10 acres, along or near said chain link fence, North no degrees 56 minutes West 184.11 feet to the point of beginning, containing in all some 1.89 acres of land, more or less.

TRACT 3:

All that certain lot, tract or parcel of land being 10.963 acres of land and being described in a Land Award and Receipt executed by Gary Mauro, Commissioner, Texas General Land Office, and filed for record on November 10, 1998, in Clerk's File No. _____, Official Public Records, Gregg County, Texas, being more particularly described as follows:

Continued-Next Page

Exhibit _A_
Page _5_ of _6_

F. 3649-02 R. 1/81

True and Correct copy of original filed in the Gregg County Clerk Office

**\*\*EXHIBIT A CONTINUED\*\***

BEGINNING at a 2" diameter pipe found in place and extending 6 inches above ground, for the Northeast corenr of the P. W. Warraner Survey, Abstract 214; the Northwest corner of the J. G. Walker Survey, Abstract 215; the South line of the Alex Cormach Survey, Abstract 265; and the North corner of the unpatented land described as a 10.94 acre tract in Cause No. 3204 of the U. S. Districy Court for the Eastern District of Texas, Tyler Division, dated 29 April 1937, from which point of beginning the Sinclair Prairie Oil Co. King and Andrews Well No. 10 in the A. Cormach Survey bears N 15 deg. 18' E 57.06 varas, (a 5 1/2 foot T post painted bright pink and yellow was driven two feet in the ground hard by the West side of the pipe as a witness post and guard) said point of beginning being at Texas' Plane Coordinate System, North Central Zone, N: 6,871,11.32} E: 3,090,243.26 (mapping angle (theta) = 1 deg. 59' 03");

THENCE with the east line of the P. W. Warraner Survey, South 2 degrees 23 minutes 33 seconds East; at 156.6 varas passing 3.71 varas east of Sinclair Prairie Oil Co. A. A. King Well No. 21, P. W. Warraner, and 7.16 varas west of the 4-Sight Operating Co. Cole State Lease Well No. 5; at 935.6 varas passing 5.54 varas east of the Sinclair Prairie Oil Co. A. A. King Well No. 36, P. W. Warraner; at 579.26 varas passing 23.13 varas west of the 4-Sight Operating Co. Cole State Lease well No. 3; at 638.4 varas passing 1.55 varas east of the Sinclair Prairie Oil Co., A. A. King Well No. 16, P. W. Warraner; at 819.28 varas passing 31.35 varas west of the 4-Sight Operating Co. Cole State Lease well No. 2; at 884.7 varas passing 12.71 varas east of the Sinclair Prairie Oil Co. A. A. King well No. 32, P. W. Warraner; at 1130.78 varas passing 21.17 varas east of the Sinclair Prairie Oil Co. A. A. King Well No. 12, P. W. Warraner; and continuing in all a total of 1252.37 varas to a 5 1/2 foor pink and yellow T post driven two feet in the ground, 6 feet North of an old east-west fence line, for the northwest corner of the M. McCurry Survey, Abstract 270, Gregg County; the East line of the P. W. Warraner Survey; and the Southwest corner of the unpatented tract of land;

THENCE with the North line of the M. McCurry Survey, North 87 degrees 50 minutes 48 seconds East, crossing the meandering fence and continuing in all 98.83 varas to a 5 1/2 foot pink and yellow T post driven two feet in the ground 1.5 ft. south of the fence for the Southwest corner of the I. G. Walker Survey, Abstract 215 and the Southeast corner of the unpatented tract, at or near the Northwest corner of the tract once known as the Sam Carr Survey (Scrap File 13520), and now known as the Sam Carr 15.53 acre tract (See J. A. Knowles et al, vs R. C. Rochelle, cause 3391-B, 124th Judicial District County Gregg County, Texas, from which T post a very old square axle found in place of the South Bank of the Sabine River, for the Northeast corner of the Silas Baggett Survey, Abstract 240, Gregg County, bears S 80 deg. 29' 03" E 2174.77 varas, and the above mentioned Sinclair Prairie Oil Co. A. A. King Well No. 12, P. W. Warraner, bears N 46 deg. 55' W 171.12 varas;

THENCE with the west line of the J. G. Walker Survey, North 6 degrees 54 minutes 12 seconds West, at 437.47 varas passing 33.19 varas east of the above mentioned 4-Sight well No. 2, at 677.39 varas passing 22.50 varas east of the above mentioned 4-Sight well No. 3, at 1099.93 varas passing 5.18 varas east of the above mentioned 4-Sight well No. 5, and continuing in all a total of 1256.67 varas to the point of beginning.

Exhibit _A_
Page _6_ of _6_

Return to:
R.N. Hearne
1003 Stone Rd.
Kilgore, TX 75662

True and Correct copy of original filed in the Gregg County Clerk Office

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

*Laurie Woloszyn*

3-10-99   10:02 AM 9905719
HH $27.00
Laurie Woloszyn, County Clerk
GREGG COUNTY, TEXAS

Return to:
R.N. Hearne
1003 Stone Rd.
Kilgore, TX 75662

I, Connie Wade, County Clerk of Gregg County,
Texas do hereby certify that the foregoing, consisting
of *11* pages, is a true and correct copy of the original
now on file and/or recorded in the
*9905719 official*
*may 26, 2017*
Connie Wade, County Clerk
Gregg County, Texas
By *Judy M Knight*

**EXHIBIT 7** (PERMISSION AFFIDAVIT)

 10 PGS  201516039
AFFIDAVIT

## AFFIDAVIT OF PERMISSION

### AS TO THE PROPERTY OWNED BY THE HEIRS OF LETTUCE BEALL HOWELL OLIVER & NATHAN HOWELL

FILED
SEP 23 2015
Connie Wade
Gregg County Clerk

STATE OF TEXAS     §

COUNTY OF ~~Smith~~ *Gregg*    § A.L.     KNOWN ALL MEN BY THESE PRESENTS:

BEFORE ME , the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared Alice Putilla of 14682 Larkridge, Tyler, Texas 75709 and LaTonya Murphy of 806 N. Belmont Ave. Lubbock, Texas 79416, both over the age of (21) years, known to me to be the persons whose names are subscribed hereto, who after being me duly sworn, stated on oath:

"We the affiants personally knowing the heirs of Lettuce Beall Howell Oliver and her father Nathaniel Howell (See Exhibit A and B) are familiar with the property located in Gregg County, Texas within P.W. Warraner/Warrener survey as fully described as follows:

BEGINNING at the Northeast corner of the said P.W. Warrener Survey, which point is also the Northwest Corner of the J.G. Walker Survey;

THENCE South with the East line of said Warrener Survey and the West line of said Walker Survey to the Northwest Corner of a tract of 200 acers of land, more or less, out of the P.W. Warrener Survey, more particularly described in a deed of conveyance from P.W. Warrener to Elijah Loyd (Lloyd), dated January 11, 1850, and recorded in Volume M, page 502, of the Deed Records of Rusk County, Texas for the southeast Corner of this tract;

THENCE West with the North line of such 200 acres tract to the East baseline of a 120 acres tract of land conveyed by P.W.Warrener to Talitha (Tabitha) C. Barnett, dated September 7, 1858, recorded in Vol. N, page 25 of the Deed records of Rusk County, Texas;

THENCE North with the East base line of said 120 acres tract to the Sabine River;

THENCE with said river to the most Northerly Northwest Corner of P.W. Warrener Survey, which corner is likewise the Southwest Corner of the Alexander Carmack Survey;

THENCE East with the North line of said P.W. Warrener Survey, with the South line of the said Alexander Carmack Survey to the place of beginning. Being the land conveyed by P.W. Warrener and wife to James R. Oliver by Deed dated February 22, 1867 and recorded in Volume S, page 302, of the Deed Records of Rusk County, Texas, and the same land described in a Deed from S.S. Barnett, Executor of the Estate of T.C. Barnett, Deceased, to James R. Oliver dated December 18, 1869, and recorded in Volume S, page 301, of the Deed records of Rusk County, Texas and is the same land divised an bequeathed to Lettuce Beall and Daughter Emily, by the will of the said James R. Oliver, duly probated on February 24, 1870, and Rusk County, Texas

Said tract or parcel of land being also described as shown by the evidence, as follows; That certain tract or parcel of land lying situated and being in the County of Gregg State, of Texas, and consisting on 366.7 acres of land, more or less, out of the P.W. Warrener Survey, in Gregg County, Texas, more Particularly described as follows;

BEGINNING at the Northeast Corner of the said P.W. Warrener Survey, witch point is also the Northwest Corner of the J.G. Walker Survey;

THENCE South with the East line of the said Warrener Survey and the West line of said Walker Survey, to the Northwest Corner of a certain tract of 200 acres of land, more or less, out of the P.W. Warrener Survey, more particularly described in a Deed of conveyance from P.W. Warrener to Elijah Loyd (Lloyd), dated January 11, 1850, and recorded in Volume M, page 502, of the Deed Records of Rusk County, Texas, for the Southeast Corner of this tract;

THENCE West with the North line of such 200 acres tract to the East base line of a 120 acres tract of land conveyed by P.W. Warrener to Talitha (Tabitha) C. Barnett, dated September 7, 1858 recorded in Volume N, page 25 of the Deed Records of Rusk County, Texas;

THENCE North with the East base line of the said 120 acre tract to the Sabine River;

THENCE with the said river to the most Northerly Northwest corner of the P.W. Warrener Survey, which corner is likewise the Southwest corner of the Alexander Carmack Survey to the place of beginning;

THENCE East with the North line of said Alexander Carmack Survey to the beginning. Begin the same land conveyed by P.W. Warrener and wife to James R. Oliver by Deed dated February 22, 1867, and recorded in the Volume S, page 302 of the Deed Records of Rusk County, Texas, and the same land described in Deed from S.S. Barnett, executor of the estate of T.C. Barnett, deceased to James R. Oliver, dater December 18, 1869, recorded in Volume S, page 301, of the Deed records of Rusk County, Texas, and is the same land devised and bequeathed to the Lettuce Beall and Daughter Emily, by the will of the James R. Oliver,  duly probated on February 24, 1870, in Rusk County, Texas.

We the said affiants are both a witness and have knowledge that the heirs of Lettuce Beall Howell Oliver and Nathaniel Howell have stated that they all have agreed to grant permission to all bona fide purchasers whether an individual, family, business, organization and/or entity etc. to use and enjoy the top surface of said property, but do not grant anyone permission to use or enjoy any minerals thereon, above or under said property, unless otherwise stated."

EXECUTED this the _23rd_ day of _September_, 2015

_Alice Putilla_ 9-23-15

**ALICE PUTILLA**

_signature_ 9-23-15

**WITNESS**

_signature_ 9-23-15

**LATONYA MURPHY**

_signature_ 9-23-15

**WITNESS**

SUBSCRIBED AND SWORN to me by said AFFIANTS this the _23rd_ day of _September_, 2015

_signature_

**NOTARY PUBLIC, STATE OF TEXAS**

THE STATE OF TEXAS          §

COUNTY OF ~~Smith~~ Gregg A. 2 §

**BEFORE ME,** the undersigned, a Notary Public in the said County and State on this day personally appeared **ALICE PUTILLA** and **LATONYA MURPHY**, known to me to be the persons whose names are subscribed to in the forgoing instrument and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

**GIVEN UNDER MY HAND** and seal of office 23rd day of September, AD 2015

My Commission Expires: 4-20-2017

LORETTA G. MALLOW
My Commission Expires
April 20, 2017
NOTARY PUBLIC, STATE OF TEXAS

Alice Putilla
14682 Lakeridge
Tyler, TX 75708

**EXHIBIT 9**



**EXHIBIT 10** (SEE COURT-DISTRICT COURT)

2015-1679-002

FILED
GREGG COUNTY, TEXAS

| | | |
|---|---|---|
| ALICE BARRYER LYNCH/ | § | IN THE DISTRICT COURT |
| FELICIA PIERCE POWER OF ATTORNEY | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| HEIRS OF A.A. KING AND LOTTIE KING ET AL | § | GREGG COUNTY, TEXAS |
| C/O ATTORNEY DON WESTBROOK | § | |
| Defendant | § | |
| | § | |
| | § | JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION FOR QUIET TITLE AND APPLICATION FOR DECARTATORY JUDGMENT AND TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTION

Plaintiff Alice Barryer Lynch heir of Lettuce Beall, Nathan Howell c/o Felicia Pierce files this Original Petition for Civil Judgment and application for Temporary Restraining Order and Temporary and Permanent Injunction against Defendant Heirs of A.A. King et al c/o Don Westbrook would respectfully show the court as follows:

I.

### STATEMENT OF CLAIM

This lawsuit relates to property ownership. Felicia Pierce seeks declaratory judgment recognizing its complete ownership of and right to determine the use and control of those assets and properties held by the heirs of Lettuce Beall Oliver and Emily Oliver Nathan Howell, free of any claimed trust interest of any kind in favor of heirs of Lettuce Beall. Felicia Pierce further seeks a temporary restraining order and temporary injunction to preserve the rightful owners through heirship. Absent such injunctive relief keeps the heirs of A.A. King and Lottie King et al from receiving said land located in P.W Warraner Survey and all oil and gas royalties. For this reason, Felicia Pierce seeks to restrain the heirs of A.A King and any of its agents or representatives from taking any action that would alter or continue to abrupt the property rights of we the heirs of Lettuce Beall Frazier and Nathaniel Howell as they now stand and as determined by this court.

### Parties

Plaintiff Alice Barryer Lynch c/o Felicia Pierce heirs to Lettuce Beall Oliver and daughter Emily Oliver owners of the P.W. Warraner Survey in Longview, Texas in Gregg County.

Defendant heirs of A.A. King and Lottie King c/o Don Westbrook, who can be served with citation at 1127 Judson Rd Suite #211 Longview, Texas 75606.

**11**

## JURISDICTION AND VENUE

Felicia Pierce claims for declaratory and injunction reliefs are brought pursuant to the laws of the State of Texas and are properly founded upon the subject matter jurisdiction of this Court. This Court may exercise personal jurisdiction over P.W Warraner which maintains its location in Longview, Texas Gregg County. Plaintiff seeks monetary relief of $100,000 or more and non monetary relief. Venue is proper in the Gregg County Civil District Court because this suit contains, in part, an action to quiet title to real property situated in Gregg County, and the Defendant's principal office is located also in Gregg County. Tex. Civ. Prac. & Rem. Code 15.002 & 15.011.

## FACTS

1. Plaintiff Alice Barryer Lynch c/o Felicia Pierce falls under the heirs of Lettuce Beall Oliver the widow to James R. Oliver who owns said property located in the P.W. Warraner Survey since 1867 A.D. (02-22-1867) P.W. Warraner sold 320 acres to James R. Oliver at land mentioned above {Source: Deed of Trust Vol. s., Pg.302} Deed Records, Rusk County, Texas (*Exhibit A*). (12-18-1869) James R. Oliver also purchased land from S.S Barnett also located at P.W. Warraner Survey of 120 acres{Source: Deed of Trust, Vol. S, pg.301} Deed Records, Rusk County, Texas. (*Exhibit A*) The deeds mentioned above proves by Texas law that James R. Oliver is a true bona fide owner of 320 acres of said land located at P.W. Warraner Survey.

2. (02-14-1870) prior to the death of James R. Oliver he created a will which was duly probated to include all real property he owned and all personal items he possess to be passed to his wife Lettuce Beall Oliver and daughter Emily Oliver. S.S Barnett was the executer of the will and Nathaniel Howell (Lettuce's father) was a witness. {Source: Deed of Trust, Vol. M, Pg. 89} Deed Records, Rusk County, Texas. The probated will gave Lettuce Beall and Emily Oliver rightful ownership of all property purchased by James R. Oliver out of the P.W. Warraner (*Exhibit B*). On 09-02-1872, S.S. Barnett sells part of James R. Oliver estate situated in the P.W. Warraner Survey to pay off James Oliver all debts which left 320 acres more or less. {Source: Deed of Trust, Vol. T, Pg. 764-766} deed Records, Rusk County, Texas (*Exhibit C*). Later Emily Oliver puts a lien on the homestead of her mother Lettuce Beall property due to borrowing $210.00 from Emily Oliver (*Exhibit D*).

3. (04-10-1876) A judgment execution was implemented by C.B. Kilgore by a way of payment to James Dillingham to execute an 1875 judgment rendered against Lettuce Beall Frazier and C.H. Frazier for $57.25 in gold and $6.65 in cash. *The actual 1875 judgment has been researched, but does not exist in the County Clerk's office records of Gregg County. However, they still implemented the execution of the judgment. {Source: Deed of Trust, Book C,

**EXHIBIT 13**

Electronically Submitted
11-12-2015 3:46 AM
Gregg County District Clerk
By: Debbie Kinney ,deputy

**CAUSE NO. 2015-1679-CCL2**

| | | |
|---|---|---|
| FELICIA PIERCE | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW |
| | § | |
| LOTTIE GUTTRY | § | GREGG COUNTY, TEXAS |

### ORDER ON PLEA IN ABATEMENT

On this day came on to be considered Defendant's Plea in Abatement. The Court, after considering the Motion and argument of Plaintiff and Defendant's counsel, finds that Plaintiff has failed to identify her claimed interest in the real property made the subject of this Cause; that Plaintiff has failed to identify and make a party to this Cause those persons potentially adversely affected by a judgment in favor of Plaintiff this Cause; that those persons potentially adversely affected by a judgment in favor of Plaintiff are necessary and indispensible parties to this Cause; and, that the Plea in Abatement should be GRANTED.

IT IS THEREFORE ORDERED,

That Plaintiff's suit is abated until Plaintiff properly re-pleads in conformance with the applicable rules of civil procedure, by showing how Plaintiff has a claim of ownership in the real property made the basis of this lawsuit, including the amount of undivided interest Plaintiff claims to own in Plaintiff's individual capacity. Plaintiff must properly re-plead within Ninety (90) days of the date of this Order. In the event Plaintiff does not re-plead in conformance with the applicable rules of civil procedure within Ninety (90) days of the date of this Order, this Cause shall be subject to being Dismissed;

That Plaintiff's suit is abated until Plaintiff properly re-pleads in conformance with the applicable rules of civil procedure, naming each and every potential owner potentially adversely affected by the declaratory judgment or suit to quiet title claim, including surface owners, oil, gas and mineral owners, royalty owners, overriding royalty interest owners, lessees of the mineral estate, working interest owners, pipeline right of way easement owners, surface lessees, or any other individuals or entities potentially affected by Plaintiff's claims. Plaintiff must properly re-plead within Ninety (90) days of the date of this Order. In the event Plaintiff does not re-plead in conformance with the applicable rules of civil procedure within Ninety (90) days of the date of this Order, this Cause shall be subject to being Dismissed.

Should Plaintiff release the Lis Pendens filed in the Official Public Records of Gregg County, Texas referencing this Cause within Ninety (90) days of the date of this Order, this Cause shall be, instead, abated for a period of up to Twelve (12) months from the date of this Order to afford Plaintiff an opportunity to re-plead in accordance with the Court's Order.  If Plaintiff does not re-plead in accordance with the Court's Order within Twelve (12) months of the date of this Order, this Cause shall be subject to being Dismissed.

Signed this 12th day of November, 2015.

_____

JUDGE PRESIDING

2

**EXHIBIT 14**

FILED
GREGG COUNTY, TEXAS

JAN 2 5 2016

4:29 O'CLOCK ___ P ___ M

GREGG COUNTY DISTRICT CLERK

BY Deb Bingham DEPUTY

CASE NO. 2015-1679-CCL2

| | | |
|---|---|---|
| **PLAINTIFF** | § | IN THE DISTRICT COURT |
| FELICIA PIERCE | § | |
| | § | |
| **INVOLUNTARY PLAINTIFFS** | § | |
| WILLIAM BARRYER JR., JENNIFER BARRYER | § | |
| CAROLYN J. LEE, JOYCE A. DAVIS, | § | |
| ROBERT BARRYER, CALVIN BARRYER, | § | |
| CYRANO BARRYER, PAULINE HICKS, | § | |
| ANNIE MAE JONES, VANESSA BARRYER | § | GREGG COUNTY, TEXAS |
| EDNA GREENWOOD, JOE C. BARRYER | § | |
| AUTHUR J. BARRYER, CEDRIC BARRYER, | § | |
| KHAVEO BARRYER JR., ARMATHA BANKS, | § | |
| THELMA CARR, SHIRLEY JOHNSON | § | |
| JAMES JOHNSON, LINDA G. SMITH, | § | |
| PAULA BARRYER, VERNELL CHEATHAM | § | |
| | § | |
| | § | |
| **DEFENDANTS** | § | CAUSE NO. 2015-1679-CCL2 |
| DEBBIE BLALACK, ANDREW RILEY, | § | |
| EAST TEXAS SALT WATER DISPOSAL CO., | § | |
| BRUCE A. BROYLES SR, JAMES C. PEE, | § | |
| RICKY DAVIS, CITI FINANCIAL | § | |

## MOTION TO LIFT ABATEMENT

**THIS CAUSE** having come before the court upon the Voluntary and Involuntary Plaintiffs ,Gregg County Texas Motion to Lift Abatement, and the court has advised the plaintiffs in Cause 2015-1679-CCL2 to comply with the order and letter from Judge Dulweber dated November 12th 2015. Justification within this Motion will state the facts that the actions were implemented to abided by the courts order and those compliances are as follows:

I, Felicia Pierce the named Plaintiff in Cause No. 2015-1679-CCL2, was ordered under a Plea In Abatement to comply to that certain Order and Letter Ruling explaining in detail that particular order on Plea In Abatement and Special Exceptions which was submitted on November 12th 2015 as follows:

PARAGRAPH IV (Identity of Plaintiff's Undivided Ownership Interest)

1. I the named Plaintiff have amended the petition to show that my interest was acquired by a Temporary Interest transfer affidavit from my mother and a direct heir of Harriet Alford the eldest daughter of Lettuce Beall Oliver, Alice Barryer Lynch. This document has been added to the court case files through e-file.

2. My interest has been corrected from 2.17% to 4.35% interest in the property.

PARAGRAPH V (Person Who Would Be Adversely Affected Necessary Parties)

1. Declaratory and Quiet Title, both have been removed from the petition
   **Declaratory Procedure (Parties)** – The petition should name as parties all persons or entities that have a claim or interest that would be affected by the declaration. CPRC §37.006(a); Musgrave v. Owen, 67 S.W.3d 513, 521 (Tex.App.-Texarkana 2002, no pet.)

2. Correction was made in the Seventh Amended Petition to show that I am a descendant of Harriet Alford the eldest daughter of Lettuce Beall Oliver, not Emily Oliver who was her youngest daughter.

3. My plea has been amended and no longer reflects a Declaratory Judgment claim which the Court finds that all persons currently claiming an interest in the subject real property under the Declaratory Judgment would be adversely affected by a Judgment in favor of Plaintiff on either claim or necessary parties to this Cause. *(Tex. R. Civ.P . 39).* **TRCP 161** states under *Abatements and Discontinuance of Suit:* When some of the several defendants in a suit are served with process in due time and others are not so served, the plaintiff may either dismiss as to those not so served and proceed against those who are, or he may take new process against those not served, or may obtain severance of the case as between those served and those not served, but no dismissal shall be allowed as to a principal obligor without also dismissing the parties secondarily liable except in cases provided by statue. No defendant against whom any suit may be so dismissed shall be thereby exonerated from any liability, but may at any time be proceeded against as if no such suit had been brought and no such dismissal ordered (*see Gideon v. Williams, Tex 1954.*) In this case of TRCP 161, all defendants in possession of the top surface of real property have been served, and a Motion to Sever has been submitted for those not served

and due to Lottie Guttry not being able to be sued in her individual capacity and holding no privity to the other defendants or this cause; a Motion to Dismiss Mrs. Guttry with prejudice has been submitted to the court which is now under review.

PARAGRAPH VI (Identity of all alleged Interest Owners as to Claim for Injunctive Relief

1.  The court did not make a ruling on Defendant's Special Exception.

PARAGRAPH VII (Scope of Plaintiff's Claim Limited to Plaintiff's undivided Interest)

1.  My petition as plaintiff was amended; changed from Quiet Title to Trespass to Try Title which is shown to be proper for lands, tenements or other real property.
2.  I added all other heirs of Harriet Alford, daughter of Lettuce Beall Oliver as Involuntary Plaintiffs as stated in paragraph seven (7) of Judge Dulweber's Letter Ruling for Plea In Abatement. There are 22 heirs added with a total of 23 heirs (including my interest) @ 4.35% interests equaling 100% total interest.


PARAGRAPH VIII (Lis Pendens)

1.  Paragraph eight (8) states that the prior interest stated of 2.17% which has been corrected to reflect 4.35% interest was not enough to file a lis pendens in the deed records of the County Clerks office, and it also states that Lottie Guttry has never been in possession of the property described in the lis Pendens. Taking into consideration Judge Dulweber's concern of the reasons the lis pendens was filed in an improper form, I have since then corrected the lis pendens to reflect 100% interest by including all 23 of the heirs as plaintiff and involuntary plaintiffs. The lis pendens has also been corrected with all defendants pertaining to the top surface estate in question which is situated in the P.W. Warrener survey in Gregg County, Texas consisting of 366.7 acres more or less. These corrections or amendments will put this lis pendens in its proper form.

PARAGRAPH VIIII (Plea In Abatement Granted)
  * **First** (ruling): Refer to Paragraph IV within this document.
  * **Second** (ruling): Refer to Paragraph V within this document; TRCP 161

- **Third** (ruling): The Cause is abated for 90 days from the date of the Courts order (11/12/2016). All compliances herein stated will have already been made by the time of the execution of this document and before the 90 day deadline (February 12, 2016).
- **Fourth** (ruling): Judge Dulweber states that he will give me, Felicia Pierce, the plaintiff 12 months to comply if I remove the Lis Pendens. Removing the lis pendens for any reason from this cause will be a risk and could be burdensome protecting our family's title and may cause extended or multiple litigations or lawsuits. For instance John Coon a previous possessor of the property in question sold 2.5 acres more or less on November 30th 2015 of the property to James C. Pee, who has been made a defendant to this cause. This transaction was made while the notice of lis pendens was still in place. To remove the notice of lis pendens may cause more damages to and/or clouds on our title. Our rights as a title holder is to defend our property, and to remove the lis pendens may invade that right.

This Motion to Lift Abatement shows compliance with Judge Dulweber's order, in prayer to lift the abatement and proceed with the continuance of this Cause No. 2015-1679-CCL2.

Dated: 1/25/2016
Respectfully Submitted,

PRO SE,

Pro Se Plaintiff

Felicia Pierce\

9764 Water Tree Dr.

McKinney, Texas 75070

**EXHIBIT 15**

CAUSE NO. 2015-1679-CCL2

FELICIA PIERCE                         §        IN THE COUNTY COURT
                                       §
VS.                                    §        AT LAW
                                       §
DEBBIE BLALOCK, ET AL                  §        GREGG COUNTY, TEXAS

### ORDER LIFTING ABATEMENT

On this day came on to be considered Plaintiff's Motion to Lift Abatement. The Court, after considering the Motion of Plaintiff and the Court's file, finds that the Abatement of this Cause should be LIFTED.

IT IS THEREFORE ORDERED, that the Abatement of this Cause by Order dated November 12, 2015, is hereby LIFTED.

IT IS FURTHER ORDERED that the Clerk of this Court shall reinstate this Cause on the Court's Docket.

Signed:   __MAR 0 4 2016__


_____
JUDGE PRESIDING

COURT TRANSCRIPT

*Motions*
*September 2, 2016*

7

```
1              P R O C E E D I N G S

2                 September 2, 2016

3          (Open court, parties present)

4          THE COURT:  Cause No. 2015-1679-CCL2,

5  Felicia Pierce versus Debbie Blalack, et al.

6          Let's get our appearances.

7          MS. PIERCE:  Felicia Pierce.

8          MR. WESTBROOK:  Good morning, your Honor,

9  Don Westbrook and Rick Faulkner here on behalf of four

10 sets of defendants, the Breitburn defendants, the Sunoco

11 defendants, the Danmark defendants and East Texas Salt

12 Water Disposal.

13         THE COURT:  Thank you.

14         MR. CHEATHAM:  Jim Cheatham representing

15 the Rileys and Citi Financial.

16         MR. SELANDER:  Your Honor, Arthur Selander

17 representing defendant James C. Pee.

18         MR. MASON:  Steve Mason with Flowers Davis

19 representing the Kerr-McGee defendants.

20         MR. PELAYO:  John Pelayo representing

21 Quantum Resources A1, L.P., Quantum Resources B, L.P.,

22 Quantum Resources C, L.P., and Quantum Resources

23 Management, L.L.C.

24         MS. FAIR:  Andrea Fair representing Exxon

25 Mobil Corporation.
```

SHERYL A. BOWEN, TEXAS CSR #7960
County Court at Law No. 2
101 E. Methvin, Suite 303
Longview, Texas 75601
903.234.3111

This Page shows that the court acknowledged
my timely filed 13th Amended Petition.

*Motions*
*September 2, 2016*

33

1          *(Morning recess)*

2          *THE COURT:* All right.  Ms. Pierce, you

3    have the floor.

4          *MS. PIERCE:* All right.  The first one I'd

5    like to make today is the defendants have brought up the

6    petition as far as what the pleadings are right now and

7    the parties that have been added that have not been

8    served.

9          And I just want to show that I do have the

10   opportunity to amend that, as well as take the parties

11   out that have not been served; and I have done that.

12   And so she will pass that out to everyone.

13          And I also --

14          *THE COURT:* This is your 13th amended

15   petition?

16          *MS. PIERCE:* 13th, yes, sir, it is.

17          *THE COURT:* That was filed this morning?

18          *MS. PIERCE:* Yes, sir, it was.

19          *THE COURT:* All right.

20          *MS. PIERCE:* Okay.  And one of the points

21   I would like to make is I am not here to cancel any

22   lease.  I'm not even here to focus on a lease.  I'm here

23   to determine title and trespass to try title.

24          Now, another one of my pleadings is

25   trespass and slander.  However, the defendants have

**EXHIBIT 16**

Electronically Submitted
5/12/2016 7:03:23 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

C I T A T I O N
THE STATE OF TEXAS

TO: **BREITBURN OPERATING LP., D/B/A BREITBURN OLP**
**CT CORPORATION**
**1999 BRYAN ST STE 900**
**DALLAS TX 75201**
Defendant in the hereinafter styled and numbered cause: <u>2015-1679-CCL2</u>

**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this Citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this Citation and Petition, a default Judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Amended Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the County Court at Law 2, Gregg County, at the Courthouse in said County in Longview, Texas.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

**ALICE BARRYER LYNCH/**
**FELICIA PIERCE POWER OF ATTORNEY**
**HEIRS OF AA KING AND LOTTIE KING ET AL.**
**C/O ATTORNEY DON WESTBROOK**
Declaratory Judgment

Filed in said court the 3rd day of May, 2016
Issued and given under my hand and seal of said Court at office, on this the 6th day of May, 2016.

Attorney for Plaintiff:                    Clerk of the Court:
FELICIA PIERCE                             Barbara Duncan
9764 WATER TREE RD                         District Clerk, Gregg County, Texas
MCKINNEY TX 75070                          P.O. Box 711
                                           Longview, TX 75606

Signed: 5/6/2016 8:43:34 AM

By  _Pat Adams_  , Deputy.
Patricia Adams

**Officer/Authorized Person Return**

Came to hand on the __8__ day of __May__ , __2016__ at __8:05__ o'clock __P__ .M., and executed in __Dallas__ County, Texas, by delivering to each of the within named, in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the petition at the following times and places, to-wit:

| Name | Date | Time | Place |
|------|------|------|-------|
| Breitburn Operating LP, d/b/a Breitburn OLP | May 9, 2016 | 9:09 a.m. | 1999 Bryan St, Ste 900, Dallas, TX, 75201 |

[ ] Not executed. The diligence use in finding defendant being
[ ] Information received as to the whereabouts of defendant being

Fees ........... $____

                                           Sheriff / Constable                    County, Texas
                                           By _Michael E. Tolbert_       Deputy/Process Server

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _Michael E. Tolbert_ , my date of birth is _1/6/1968_ , and my address is _4524 Edinburgh Dr Tyler TX 75703_ .

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _Smith_ County, State of _Texas_ , on the _11_ day of _May 2016_ .

                                                                          Declarant/Process Server
                                           _PSC 0008623   5/31/17_  ID # and Expiration of Certification

On this day, _Michael Tolbert_ , known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this Citation was executed by him/her in the exact manner recited on the return.
Sworn to and subscribed before me on _May 11th_ , _2016_ .
                                                                          Notary Public

CHRISTOPHER W RICE
My Commission Expires
June 26, 2018

**794**

Electronically Submitted
5/12/2016 7:03:23 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

C I T A T I O N
THE STATE OF TEXAS

TO:     QRE OPERATING LLC.,
        CT CORPORATION LLC
        1999 BRYAN ST STE 900
        DALLAS TX 75201
        Defendant in the hereinafter styled and numbered cause: 2015-1679-CCL2

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this Citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this Citation and Petition, a default Judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Amended Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the County Court at Law 2, Gregg County, at the Courthouse in said County in Longview, Texas.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

ALICE BARRYER LYNCH/
FELICIA PIERCE POWER OF ATTORNEY
HEIRS OF AA KING AND LOTTIE KING ET AL
C/O ATTORNEY DON WESTBROOK
Declaratory Judgment

Filed in said court the 3rd day of May, 2016

Issued and given under my hand and seal of said Court at office, on this the 6th day of May, 2016.

Attorney for Plaintiff:                    Clerk of the Court:
FELICIA PIERCE                             Barbara Duncan
9764 WATER TREE RD                         District Clerk, Gregg County, Texas
MCKINNEY TX  75070                         P.O. Box 711
                                           Longview, TX  75606

Signed: 5/6/2016 8:57:52 AM

By     _Pat Adams_     Deputy.
         Patricia Adams

*****************************************************************************************
Officer/Authorized Person Return
Came to hand on the  8  day of  May  , 2016. at 5:05 o'clock P.M. and executed in  Dallas  County, Texas, by delivering to each of the within named, in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the petition at the following times and places, to-wit:

| Name | Date | Time | Place |
|---|---|---|---|
| QRE Operating LLC | May 9, 2016 | 9:02 am | 1999 Bryan St, Ste 900, Dallas TX 75201 |

[ ] Not executed. The diligence used in finding defendant being ___
[ ] Information received as to the whereabouts of defendant being ___
Fees .......... $  1                                                      County, Texas
                                    Sheriff ' Constable
                              By _Michael E. Tolbart_        Deputy/Process Server
COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _Michael E. Tolbart_ , my date of birth is 1/6/1965 , and my address is 4524 Edinborough Dr, Tyler TX 75703 .
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in  Smith  County, State of  Texas  , on the  11  day of  May  2016  .
                                                                    _____ Declarant/Process Server
                                                        _____ SCH800058089 5/31/2017 ID # and Expiration of Certification
On this day, _Michael Tolbart_ , known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this Citation was executed by him/her in the exact manner recited on the return.
Sworn to and subscribed before me on May 11 2016                                      Notary Public

CHRISTOPHER W RICE
My Commission Expires
June 26, 2018

813

**EXHIBIT 17**

| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| Southern    District of    New York | |
| | (State) |
| Case number (*if known*): _____    Chapter   11 | |

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's name | Breitburn Energy Partners LP | |
|---|---|---|---|

| 2. | All other names debtor used in the last 8 years | BreitBurn Energy Partners L.P. |
|---|---|---|
| | Include any assumed names, trade names, and *doing business as* names | |

| 3. | Debtor's federal Employer Identification Number (EIN) | 74-3169953 |
|---|---|---|

**4.  Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business | | |
|---|---|---|---|---|---|
| 707 Wilshire Boulevard, Suite 4600 | | | | | |
| Number | Street | | Number | Street | |
| | | | | | |
| | | | P.O. Box | | |
| Los Angeles | CA | 90017 | | | |
| City | State | ZIP Code | City | State | ZIP Code |

Location of principal assets, if different from principal place of business

| Los Angeles | | | | | |
|---|---|---|---|---|---|
| County | | | Number | Street | |
| | | | | | |
| | | | City | State | ZIP Code |

| 5. | Debtor's website (URL) | www.breitburn.com |
|---|---|---|

**6.  Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☒ Partnership (excluding LLP)
☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    Page 1

**EXHIBIT 18**

Electronically Submitted
5/25/2016 10:26:30 AM
Gregg County District Clerk
By: Debbie Kinney ,deputy

## CAUSE NO. 2015-1679-CCL2

| | | |
|---|---|---|
| FELICIA PIERCE | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. 2 |
| | § | |
| WILLAIM BARRYER, JR., *et al* | § | |
| | § | |
| VS. | § | |
| | § | |
| DEBBIE BLALACK, *et al* | § | |
| | § | GREGG COUNTY, TEXAS |

### SUGGESTION OF BANKRUPTCY

Breitburn Energy Partners LP, QRE Operating, LLC, Breitburn Operating LP, Breitburn Operating GP LLC, Breitburn GP LLC, Breitburn Management Company LLC, Transpetco Pipeline Company, L.P., D/B/A Transpetco Pipeline Company of Texas, L.P., Breitburn Florida LLC, QRE GP, LLC, hereinafter referred to as ("Breitburn Entities"), files this Suggestion of Bankruptcy and respectfully shows the Court as follows:

1.     Breitburn Energy Partners LP filed Chapter 11 Bankruptcy on May 16, 2016, which filing included the above named Breitburn Entities.  The bankruptcy is listed as Case No. 16-11390 in the United States Bankruptcy Court for the Southern District of New York.

2.     Under the provisions of 11 U.S.C. § 362(a), all proceedings are automatically stayed.

### PRAYER

Breitburn Entities pray the Court take notice of the filing of the bankruptcy and stay all actions in this Court against Breitburn Energy Partners LP, QRE Operating, LLC, Breitburn Operating LP, Breitburn Operating GP LLC, Breitburn GP LLC, Breitburn Management Company LLC, Transpetco Pipeline Company, L.P., D/B/A Transpetco Pipeline Company of Texas, L.P., Breitburn Florida LLC, QRE GP, LLC,  and such other and further relief to which they are justly

**876**

entitled.

Respectfully submitted,

**COGHLAN CROWSON, LLP**
1127 Judson Rd. Suite 211
P.O. Box 2665
Longview, Texas 75606
(903) 758-5543 Telephone
(903) 753-6989 Facsimile
jwestbrook@cclw.com

By: /s/ J. Don Westbrook
     J. Don Westbrook
     Texas Bar No. 21215500

**ATTORNEYS FOR DEFENDANT**
**BREITBURN ENTITIES**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served pursuant to Rule 21 of the Texas Rules of Civil Procedure on the 25th day of May, 2016

/s/ J. Don Westbrook
J. DON WESTBROOK

**877**

**EXHIBIT 19**

Electronically Submitted
5/25/2016 11:45:49 AM
Gregg County District Clerk
By: Debbie Kinney ,deputy

**CAUSE NO. 2015-1679-CCL2**

| | | |
|---|---|---|
| FELICIA PIERCE | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW |
| | § | |
| DEBBIE BLALOCK, ET AL | § | GREGG COUNTY, TEXAS |

### ORDER CANCELLING HEARING DUE TO BANKRUPTCY FILING

On this day came on to be considered the above-entitled and numbered Cause, and the filing of Suggestion of Bankruptcy by Defendants,  Breitburn Energy Partners LP, QRE Operating, LLC, Breitburn Operating LP, Breitburn Operating GP LLC, Breitburn GP LLC, Breitburn Management Company LLC, Transpetco Pipeline Company, L.P., D/B/A Transpetco Pipeline Company of Texas, L.P., Breitburn Florida LLC, QRE GP, LLC, hereinafter referred to as ("Breitburn Entities").  By reason of the filing of Bankruptcy on the part of the Breitburn Entities, an automatic stay was immediately imposed by Bankruptcy Code §362, and this Court was deprived of jurisdiction over Breitburn Entities, and any state court proceedings taken against the Breitburn Entities prior to the lifting of the stay would be void. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940); *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 500–01 (Tex.1988); *Baytown State Bank v. Nimmons*, 904 S.W.2d 902, 905 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Graham v. Pazos De La Torre*, 821 S.W.2d 162, 164 (Tex.App.—Corpus Christi 1991, writ denied); *Nautical Landings Marina, Inc. v. First Nat. Bank in Port Lavaca*, 791 S.W.2d 293, 296 (Tex.App.—Corpus Christi 1990, writ denied).

IT IS THEREFORE ORDERED, the hearings set for Tuesday, May 31, 2016, in this Cause are hereby cancelled until the automatic stay resulting from the filing of Bankruptcy by the Breitburn Entities has been lifted or otherwise modified.

Signed May 25, 2016.

_____

JUDGE PRESIDING

**878**

# EXHIBIT 20

Electronically Submitted
5/23/2016 9:35:02 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

### CASE NO. 2015-1679-CCL2

| | | |
|---|---|---|
| **PLAINTIFF** | § | IN THE COUNTY COURT AT LAW 2 |
| FELICIA PIERCE | § | |
| | § | |
| **INVOLUNTARY PLAINTIFFS** | § | |
| WILLIAM BARRYER JR., JENNIFER BARRYER | § | |
| CAROLYN J. LEE, JOYCE A. DAVIS, | § | |
| ROBERT BARRYER, CALVIN BARRYER, | § | |
| CYRANO BARRYER, PAULINE HICKS, | § | |
| ANNIE MAE JONES, VANESSA BARRYER | § | GREGG COUNTY, TEXAS |
| EDNA GREENWOOD, JOE C. BARRYER | § | |
| AUTHUR J. BARRYER, CEDRIC BARRYER, | § | |
| KHAVEO BARRYER JR., ARMATHA BANKS, | § | |
| THELMA CARR, SHIRLEY JOHNSON | § | |
| JAMES JOHNSON, LINDA G. SMITH, | § | |
| PAULA BARRYER, VERNELL CHEATHAM | § | |
| | § | |
| | § | |
| **DEFENDANTS** | § | |
| DEBBIE BLALACK, ET AL | § | |

### <u>NOTICE OF HEARING FOR MOTION OF SUMMARY JUDGEMENT</u>

The hearing will be held in the County Court Law No. 2 Judges Court Room May 31st, 2016 at 2:00PM

on the third floor of the Gregg County Courthouse at 101 E. Methvin St., Longview, Texas 75601.

Respectfully Submitted,

Felicia Pierce

**839**

9764 Water Tree Dr.

McKinney, Texas 75070

(903) 472-9621

Scorpio76140@gmail.com

Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all the parties in accordance with the Texas Rules of Civil Procedure on May 23, 2016.

Felicia Pierce, Pro Se

**840**

**EXHIBIT 21**

Electronically Submitted
5/26/2016 12:04:23 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

MAY 25, 2016


Felicia Pierce

9764 Water Tree Dr.

McKinney, Texas 75070


To:    The Honorable Judge Vincent

       Dulweber County Court #2


Re:    Felicia Pierce, Et al vs. Andrew Riley, Et al

(Cause No. 2015-1679-CCL2)


Good day Sir,

I am aware that you ordered the hearing for Motion for Service by Publication to be cancelled due to a bankruptcy filed by Breitburn Energy Partners, LP and it's entities on May 16th, 2016 after they were served citation. However, I am seeking clarification. I am concerned as to what grounds or reasons the hearing is cancelled and at a stay for <u>all other</u> defendants, since under the rules for Chapter 7 or Chapter 11 bankruptcy it is not required.

### GENERAL RULE

As recently as 2005, the Texas Court of Appeals held that the automatic stay generally only applies to actions against the debtor. Lisanti v. Dixon, 147 S.W.3d 638 (Tex.App.– Dallas 2005, pet. denied). Thus, under state law the automatic stay generally encompasses only claims against the debtor. The Texas Supreme Court reached the same conclusion in In re Southwestern Bell, 35 S.W.3d 602 (Tex. 2000). The Court held that the automatic stay does not apply to non-debtors or even co-debtors, co-tort feasors, or co-defendants. Moreover, the Court held that express severance of the debtor from the case was not required for the case to move forward as to the other parties.

The Texas bankruptcy courts reached the same conclusion in Tierra Petroleum, Inc. v. Walker, 232 B.R. 889 (Bankr. E.D.Tex. 1999), as has the Federal District Court for the Southern District of Texas in Carway v. Progressive, 183 B.R. 769 (S.D. Tex. 1995). The Fifth Circuit Court of Appeals agrees. In Wedgeworth v. Fibreboard, 706 F.2d 541 (5th Cir. 1983) the Court The author gratefully acknowledges the contributions of Melissa Gardner to this article. -1- stated that the language of the automatic stay contained in 11 U.S.C. § 362(a) only stays action against a debtor. Id. at 544. The Court added that the purpose set forth by the statute would not be furthered by application of the stay to co-defendants. Id.

Thus, the courts that govern our litigation here in Texas have held that the automatic stay that arises in favor of a debtor who is a party to litigation is not so broad as to suspend the entire case. **879**

Keeping in mind this information and with all due respect, I would like to move forward with the hearing set for May 31st, 2016 and the cause which has been filed against all other parties/defendants whom are not entities of Breitburn Energy Partners, LP. Your prompt reply is appreciated.

Respectfully Submitted,

Felicia Pierce, Pro Se

Scorpio76140@gmail.com

*Felishi*

**880**

**EXHIBIT 22**

Electronically Submitted
5/26/2016 4:09:42 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy



# Vincent L. Dulweber, Judge
## County Court at Law No. 2
### Gregg County, Texas

Sheryl A. Bowen
Official Court Reporter
sheryl.bowen@co.gregg.tx.us

Wendy Ligon
Court Coordinator
wendy.ligon@co.gregg.tx.us

101 E. Methvin St., Suite 303
Longview, Texas 75601

Phone 903.234.3110
Fax 903.234.3112

May 26, 2016

Ms. Felicia Pierce
Pro Se
9764 Water Tree Road
McKinney, TX 75070

Mr. J. Don Westbrook
Attorney at Law
P.O. Box 2665
Longview, TX 75606

Re:   Felicia Pierce vs. Andrew Riley, et al; Cause No: 2015-1679-CCL2
      Response to Letter of May 25, 2016

Ms. Pierce and Mr. Westbrook:

**Response to May 25, 2016 Letter**
This letter is being provided in response to the letter of Plaintiff, Felicia Pierce, filed with the Court on May 25, 2016.

**Hearing for Motion for Summary Judgment**
The hearing set for Tuesday, May 31, 2016, remains cancelled. Plaintiff's letter addresses only the Motion for Service by Publication. However, Plaintiff insisted on including a Hearing on Plaintiff's Motion for Summary Judgment for Tuesday, May 31, 2016, which would potentially result in a ruling adverse to the Breitburn Entities. Because the Breitburn Entities are defendants subject to a Bankruptcy Proceeding, the automatic stay under Section 362 attached. The automatic stay must be either lifted or modified to proceed with the Motion for Summary Judgment.

**881**

Ms. Felicia Pierce
Mr. J. Don Westbrook
May 26, 2016
Page 2

**Proceeding as to Remaining Defendants**

The article written by Mr. Craig Power referenced in Plaintiff's letter of May 25, 2016, addresses cases where the debtor in bankruptcy would not be adversely affected by the continuation of the case against co-defendants. The cases to which Mr. Power is referencing involve joint/several liability on the part of multiple defendants. The case before this Court is a trespass to try title case seeking to determine title to land, to which the Breitburn Entities appear to be necessary parties. A complete resolution of the case cannot be accomplished without a ruling that would potentially have an adverse effect on all persons or entities currently claiming an interest in the property, including the Breitburn Entities. In order to proceed to a final resolution of this case, the automatic stay must be either lifted or modified. A trial without all defendants (ie excluding the Breitburn Entities) is not available in this particular case.

**Preliminary Hearings**

As this Court noted, any rulings entered by this Court adverse to a debtor in bankruptcy would be void. Due to the fact that this is a trespass to try title case seeking to determine title to land as against all others currently claiming an interest, including the Breitburn Entities, this Court does not believe it can proceed with preliminary matters without a potentially adverse effect being visited upon all persons or entities currently claiming an interest in the subject real property. The Court believes this would include matters as mundane as the process of determining whether Citation by Publication should be authorized as to defendants not yet parties. The Court will invite brief submissions from the Plaintiff and Defendants on this specific issue.

Sincerely,

Vincent L. Dulweber,
Presiding Judge

**882**



**EXHIBIT 25**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x

| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| BREITBURN ENERGY : | |
| PARTNERS LP, *et al.*, : | Case No. 16-11390 (SMB) |
| : | |
| Debtors.[1] : | (Jointly Administered) |
| : | |

————————————————————x

### ORDER PURSUANT TO 11 U.S.C. § 362(d)
### GRANTING LIMITED MODIFICATION OF THE AUTOMATIC STAY

Upon the *Motion for Relief from Stay to Allow Civil Litigation to Proceed* (ECF

No. 107) (the "**Motion**") of Felicia Pierce ("**Pierce**"); and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and upon the *Debtors' Response to Motion of Felicia Pierce for Relief from*

*the Automatic Stay* (ECF No. _____) (the "**Response**");[2] and a hearing having been held to

consider the Motion (the "**Hearing**") and the Response; and upon the record of the Hearing and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Breitburn Energy Partners LP (9953); Breitburn GP LLC (9948); Breitburn Operating LP (5529); Breitburn Operating GP LLC (5525); Breitburn Management Company LLC (2858); Breitburn Finance Corporation (2548); Alamitos Company (9156); Beaver Creek Pipeline, L.L.C. (7887); Breitburn Florida LLC (7424); Breitburn Oklahoma LLC (4714); Breitburn Sawtelle LLC (7661); Breitburn Transpetco GP LLC (7222); Breitburn Transpetco LP LLC (7188); GTG Pipeline LLC (3760); Mercury Michigan Company, LLC (3380); Phoenix Production Company (1427); QR Energy, LP (3069); QRE GP, LLC (2855); QRE Operating, LLC (9097); Terra Energy Company LLC (9616); Terra Pipeline Company LLC (3146); and Transpetco Pipeline Company, L.P. (2620). The Debtors' mailing address is 707 Wilshire Boulevard, Suite 4600, Los Angeles, California 90017.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Response.

all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the automatic stay applicable in these chapter 11 cases pursuant to section 362(a) of the Bankruptcy Code is modified <u>solely</u> to the limited extent necessary to permit Pierce (but not any other claimant, successor to or assignee of Pierce or any other party in the Texas Action) to prosecute the Pierce Claims to judgment in the Texas Action so that the Pierce Claims, if any, may be liquidated; and it is further

ORDERED that the automatic stay is not modified in any other respect and shall continue in full force and effect, including, without limitation, with respect to (i) any assertion of new claims (in the Texas Action or otherwise) against the Debtors; (ii) any effort to collect money or property from the Debtors; or (iii) any effort to enforce any judgment or other relief that may be entered against or settlement entered into by the Debtors; and it is further

ORDERED that nothing contained herein is or shall be deemed a finding of liability, proper service, or otherwise against the Debtors with respect to the Pierce Claims; and it is further

ORDERED that all of the Debtors' rights, claims, and defenses (including procedural defenses) with respect to the Petition, the Texas Action, and the Pierce Claims are fully reserved and preserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation, and enforcement of this

Order.

Dated: June 23rd, 2016
New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

3

WEIL:\95766368\1\29979.0004

**EXHIBIT 26**

Electronically Submitted
8/25/2016 4:55:35 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

## CAUSE NO. 2015-1679-CCL2

| | | |
|---|---|---|
| FELICIA PIERCE, | § | |
| *Plaintiff* | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NO. 2 |
| | § | |
| DEBBIE BLALACK, et al, | § | |
| | § | |
| *Defendants* | § | GREGG COUNTY, TEXAS |
| | § | |

## DEFENDANTS' SECOND AMENDED MOTION TO DISMISS PLAINTIFF'S TWELFTH AMENDED PETITION AND BRIEF IN SUPPORT

COME NOW certain Defendants herein (hereafter "Movants")[1] and respectfully files this their Second Amended Motion to Dismiss Plaintiff's Twelfth Amended Petition[2] and Brief in Support of same and would respectfully show the Court as follows:

1.    Statement of the Case

The following facts material to this motion are alleged by Plaintiff.  In 1867, P.W. Warraner sold 320 acres to James R. Oliver.  Two years later, S.S. Barnett sold 120 acres to Oliver.  In 1870,

---

[1] Movants include the following Defendants: East Texas Salt Water Disposal Company, Ricky Davis, Danmark East Texas Field L.P., Danmark Energy LP, Danmark Energy Services, Inc., Danmark Investment LP., Danmark Jacks Creek L.P., Danmark Operating Company LLC., and Danmark Management LP (Daniel M. Mitchell), Breitburn Energy Partners LP, QRE Operating, LLC, Breitburn Operating LP, Breitburn Operating GP LLC, Breitburn GP LLC, Breitburn Management Company LLC, Transpetco Pipeline Company, L.P., D/B/A Transpetco Pipeline Company of Texas, L.P., Breitburn Florida LLC, QRE GP, LLC, Breitburn Energy Company, LP, Breitburn Operation, LP, (D/B/A) Breitburn OLP, Breitburn Energy Partners 1, LP, Breitburn Transpetco GP LLC, and Breitburn Transpetco LP LLC, Sunoco, Inc. (R&M), Sunoco LLC DBA Sunoco Wholesale LLC., Sunoco INC, (R&M), Sunoco Pipeline LP., Sunoco Partners NGL Facilities LLC., Sunoco Partners Marketing & Terminals LP., Sunoco Partners LLC., Sunoco Partners Lease Acquisition & Marketing LLC, Sunoco LP., DBA Sunoco MLP., LP., Sunoco Logistics Partners Operations GP., LLC., Sunoco GP LLC., Sunoco Energy Services LLC., and Sun Oil Company, and QREH GP, LLC (pending dismissal).

[2] Plaintiff's current live pleading is the Twelfth Amended Petition for Trespass to Try Title, Slander of Title, Conspiracy to Steal and Commit Fraud, Civil Conversion, Trespass and Texas Theft Liability Act (herein "Twelfth Petition").  All causes are asserted against all defendants.

**1201**



**EXHIBIT 26A**

Electronically Submitted
7/1/2016 1:15:08 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

**2015-1679-CCL2**

| | | |
|---|---|---|
| **FELICIA PIERCE** | § | **IN THE COUNTY COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS** | § | **AT LAW NO. 2** |
| | § | |
| **ANDREW RILEY; ETAL** | § | |
| *Defendants* | § | **GREGG COUNTY, TEXAS** |

## NOTICE OF HEARING

**TO ALL PARTIES AND ATTORNEYS OF RECORD IN THIS CAUSE:**

The Court hereby gives notice that the Hearing on Plaintiff's Motion for Summary Judgment filed in the above entitled Cause has been rescheduled to **Friday, September 2, 2016 at 9:00 a.m.** in the County Court at Law No. 2, Gregg County.

Vincent Dulweber,
Presiding Judge

**Note: My Summary Judgment Motion hearing was set many times, including May 31, 2016, July 29, 2016 (which was rescheduled by this judge here in exhibit  26A, because it was stated that no other dates were available until September 2, 2016.) Eventually the Summary Judgment was rescheduled again for October 7, 2016, because the legal counsel for Breitburn Entities ("Debtors") (Don Westbrook) was able to obtain a hearing date for July18, 2016 on a motion to dismiss my case, even though Judge Dulweber's court coordinator (Wendy Ligon) did not inform me that this date was available. Later, after I called to inquire, Ms. Ligon informed me if I did not show up to the hearing set for July 18, 2016, my case would be dismissed.

I was coerced into making an agreement with Don Westbrook, he stated that he would reschedule his July 18, 2016 Motion to Dismiss hearing to September 2, 2016, if I rescheduled my September 2, 2016 Summary Judgment Motion hearing to October 7, 2016. Because of the favortism the County Court at Law No. 2 showed toward the defendant's counsel, in order to do all I could to attempt to save my case, I then moved for hearing for injunctive relief in New York bankruptcy Court on July 18, 2016, since I had to agree with resetting my hearing and allow Don Westbrook to take my hearing date in place of his July 18, 2016 hearing date.
I was desparate for a fair opportunity and a fair hearing against  those (Brietburn Entities) unlawfully trespassing on my mineral estate. I still have yet to be heard on the merits of my case, because the judge in Texas is judicially bias and judicially unethical and does not honor his "OATH" to uphold the law and the Constitution.

**919**

**EXHIBIT 27**

CAUSE NO. 2015-1679-CCL2

| | |
|---|---|
| FELICIA                    PIERCE, §<br><br>*Plaintiff* §<br> §<br>VS. §<br> §<br>ARCO OIL & GAS, ARCO PERMIAN §<br>RETIREE CLUB, ATLANTIC RICHFIELD §<br>COMPANY,   BLALACK,   DEBBIE, §<br>AMERICA INC., BP ENERGY COMPANY, BP §<br>ENERGY PARTNERS LLC., BREITBURN §<br>ENERGY PARTNERS I LP., BREITBURN §<br>PARTNERS LP., BREITBURN GP., LLC., §<br>BREITBURN   MANGEMENT   COMPANY §<br>LLC., BREITBURN OPERATING GP, LLC., §<br>BREITBURN   OPERATING   LP.,   D/B/A §<br>BREITBURN        OLP.,        BREITBURN §<br>OPERATIONS        LP.,        BREITBURN §<br>TRANSPETCO   GP.,   LLC.,   BROYLES, §<br>BRUCE, SR., CITI FINACIAL, DANMARK §<br>EAST   TEXAS   FIELDLP.,   DANMARK §<br>ENERGY   LP.,   DANMARK   ENERGY §<br>SERVICES INC., DANMARK INVESTMENT §<br>LP., DANMARK JACKS CREEK LP., §<br>DANMARK        MANAGEMENT        LP., §<br>DANMARK OPERATING COMPANY LLC., §<br>DAVIS, RICKY., EAST TEXAS SALT WATER §<br>DISPOSAL COMPANY, EXXON MOBILE §<br>CORPORATION, GAS SOLUTIONS LTD., §<br>KERR-MCGEE,   KERR-MCGEE   ENERGY §<br>SERVICES CORP, KERR-MCGEE NATURAL §<br>GAS INC., KERR-MCGEE OIL & GAS §<br>ONSHORE   LP.,   PEE,   JAMES,   C., §<br>PETROHAWK   ENERGY   CORPORATION, §<br>QUANTUM RESOURCES B, LP., D/B/A/ §<br>QUANTUM B, LP., QRE GP., LP., QRE §<br>OPERATING LLC., QREH GP., LLC., §<br>QUANTUM       RESOURCES       A1,       LP., §<br>QUANTUM RESOURCES C, LP., D/B/A §<br>QUANTUM C, LP., QUANTUM RESOURCES §<br>MANGEMENT      LLC.,      QUANTUM §<br> | **FILED**<br>GREGG COUNTY, TEXAS<br>SEP 0 2 2015<br>8:40 O'CLOCK ___ M<br>BARBARA DUNCAN, DISTRICT CLERK<br>BY ___ DEPUTY<br><br><br><br>IN COUNTY COURT AT LAW 2<br><br><br><br>GREGG COUNTY, TEXAS |

| | |
|---|---|
| RESOURCES MANGEMENT LLC., D/B/A QR MANAGEMENT LLC., RILEY, ANDREW, SINCLAIR OIL & GAS COMPANY, SINCLAIR OIL CORPORATION, SUNOCO, SUNOCO INC., (R&M) SUN OIL COMPANY, SUNOCO ENERGY SERVICES LLC., SUNOCO GP., LLC., SUNOCO INC., R&M, SUNOCO LLC., D/B/A SUNOCO WHOLESALE LLC., SUNOCO LOGISTICS PARTNERS OPERATIONS GP., LLC., SUNOCO LP., D/B/A SUNOCO MLP LP., SUNOCO PARTNERS LEASE ACQUISTION & MARKETING LLC., SUNOCO PARTNERS LLC., SUNOCO PARTNERS MARKETING & TERMINALS LP., SUNOCO PARTNERS NGL FACILITIES LLC., SUNOCO PIPELINE LP., TRANSPETCO PIPELINE COMPANYLP., D/B/A TRANSPETCO PIPELINE COMPANY OF TEXAS LP., CONTINENTAL PACIFIC, LLC, STROTHER TIMBERLANDS LTD. | § § § § § § § § § § § § § § § § § § § § § § |
| *Defendants* | |

## PLAINTIFF'S THIRTEENTH AMENDED PETITION

## FOR TRESPASS TO TRY TITLE, SLANDER OF TITLE AND TRESPASS

COMES NOW, FELICIA PIERCE, Plaintiff in the above styled action and filed this Thirteenth Petition in Gregg County District Court in complaint of Andrew Riley, et al and for this cause of action would respectfully show the court as follows:

## JURSIDICTION AND VENUE

1. Plaintiff claim for Trespass to Try Title, Slander of Title and Trespass are brought
   pursuant to the laws of the State of Texas and are properly founded upon the

Page 47 of 48

**EXHIBIT 28**

Electronically Submitted
9/12/2016 2:59:04 PM
Gregg County District Clerk
By: Kindell Whitley, deputy

**CAUSE NO. 2015-1679-CCL2**

The date above is 9/12/2016

FELICIA PIERCE,                          §
                                         §
            *Plaintiff*                   §
                                         §
VS.                                      §
                                         §
ARCO OIL & GAS, ARCO PERMIAN             §
RETIREE CLUB, ATLANTIC RICHFIELD         §
COMPANY, BLALACK, DEBBIE, BP             §
AMERICA INC., BP ENERGY COMPANY,         §
BP      ENERGY      PARTNERS     LLC.,   §
BREITBURN ENERGY PARTNERS I LP.,         §
BREITBURN PARTNERS LP., BREITBURN        §
GP., LLC., BREITBURN MANGEMENT           §
COMPANY         LLC.,       BREITBURN    §
OPERATING    GP.,   LLC.,   BREITBURN    §          IN COUNTY COURT AT LAW NO. 2
OPERATING LP., D/B/A BREITBURN OLP.,     §
BREITBURN        OPERATIONS      LP.,    §
BREITBURN TRANSPETCO GP., LLC.,          §
BROYLES, BRUCE, SR., CITI FINACIAL,      §
DANMARK    EAST    TEXAS    FIELDLP.,    §
DANMARK    ENERGY    LP.,   DANMARK      §
ENERGY    SERVICES    INC.,   DANMARK    §
INVESTMENT LP., DANMARK JACKS            §
CREEK LP., DANMARK MANAGEMENT            §          GREGG COUNTY, TEXAS
LP., DANMARK OPERATING COMPANY           §
LLC., DAVIS, RICKY., EAST TEXAS SALT     §
WATER DISPOSAL COMPANY, EXXON            §
MOBILE       CORPORATION,       GAS      §
SOLUTIONS LTD., KERR-MCGEE, KERR-        §
MCGEE    ENERGY    SERVICES    CORP,     §
KERR-MCGEE    NATURAL    GAS    INC.,    §
KERR-MCGEE OIL & GAS ONSHORE LP.,        §
PEE, JAMES, C., PETROHAWK ENERGY         §
CORPORATION, QUANTUM RESOURCES           §
B, LP., D/B/A/ QUANTUM B, LP., QRE GP.,  §
LP., QRE OPERATING LLC., QREH GP.,       §
LLC., QUANTUM RESOURCES A1, LP.,         §
QUANTUM RESOURCES C, LP., D/B/A          §
QUANTUM      C,    LP.,    QUANTUM       §
RESOURCES        MANGEMENT      LLC.,    §
QUANTUM RESOURCES MANGEMENT              §
LLC., D/B/A QR MANAGEMENT LLC.,          §

**1334**

| | |
|---|---|
| RILEY, ANDREW, SINCLAIR OIL & GAS COMPANY, SINCLAIR OIL CORPORATION, SUNOCO, SUNOCO INC., (R&M) SUN OIL COMPANY, SUNOCO ENERGY SERVICES LLC., SUNOCO GP., LLC., SUNOCO INC., R&M, SUNOCO LLC., D/B/A SUNOCO WHOLESALE LLC., SUNOCO LOGISTICS PARTNERS OPERATIONS GP., LLC., SUNOCO LP., D/B/A SUNOCO MLP LP., SUNOCO PARTNERS LEASE ACQUISTION & MARKETING LLC., SUNOCO PARTNERS LLC., SUNOCO PARTNERS MARKETING & TERMINALS LP., SUNOCO PARTNERS NGL FACILITIES LLC., SUNOCO PIPELINE LP., TRANSPETCO PIPELINE COMPANYLP., D/B/A TRANSPETCO PIPELINE COMPANY OF TEXAS LP., STROTHER TIMBERLANDS, LTD., | § § § § § § § § § § § § § § § § § § § § |

*Defendants*

### PLAINTIFF'S THIRTEENTH AMENDED PETITION FOR TRESPASS TO TRY TITLE AND SLANDER OF TITLE.

COMES NOW, FELICIA PIERCE, Plaintiff in the above styled action and filed this Thirteenth Petition in Gregg County District Court in complaint of Andrew Riley, et al, and for this cause of action would respectfully show the court as follows:

### I.   DISCOVERY CONTROL PLAN BY DEFAULT

1.   Discovery in this case is intended to be conducted under Level 2 pursuant to Texas Rule of Civil Procedure. Level 2 is set by default due to discovery not listed in Original Petition.

### II.   JURSIDICTION AND VENUE

2.   Plaintiff claim for Trespass to Try Title and Slander of Title are brought pursuant to the laws of the State of Texas and are properly founded upon the subject matter jurisdiction of this Court. This Court may exercise personal jurisdiction over P.W. Warraner Survey which maintains its location in Kilgore,

**1335**

# EXHIBIT 29

 Gmail                              Felicia Pierce <scorpio76140@gmail.com>

**2015-1679-CCL2**
2 messages

**Kindell Whitley** <Kindell.Whitley@co.gregg.tx.us>                    Mon, Sep 12, 2016 at 2:10 PM
To: "SCORPIO76140@GMAIL.COM" <SCORPIO76140@gmail.com>

MS. PIERCE,

PLEASE SEE THE ATTACHED SERVICE DOCUMENTS.  ALSO, IN THE FUTURE, IF YOU HAVE
ALREADY FILED THE AMENDED PETITION (IN THIS CASE, THE 13TH AMENDED PETITION WAS
ALREADY FILED ON 9/2), YOU CAN JUST EFILE A LETTER REQUESTING SERVICE AND INCLUDE
THE ISSUANCE FEES AS USUSAL.  THIS HELPS KEEP DUPLICATE FILINGS OUT OF THE CASE
FILE.  WE APPRECIATE YOUR UNDERSTANDING AND ASSISTANCE IN THIS ENDEAVOR.

THANKS,

*Kindell Whitley*

Deputy District Clerk

124th District Court Clerk

Ph: (903) 236-8472

*The contents of this message are the thoughts and opinions of Kindell Whitley and do not
reflect the beliefs and polices of Gregg County.*

"Confidentiality Note: This email and any attachment to it is confidential and protected by law and intended
for the use of the individual(s) or entity named on the email. If the reader of this message is not the
intended recipient, you are hereby notified that any dissemination or distribution of this communication is
prohibited. If you have received this communication in error, please notify the sender via return email and
delete it completely from your email system. If you have printed a copy of the email, please destroy it
immediately."

**3 attachments**

📄 **PLAINTIFF Thirteenth Petition - TH-signed1pdf.pdf**
442K

📄 **Citation- Amended.pdf**
55K

📄 **Citation- Amended 1.pdf**
55K

**Felicia Pierce** <scorpio76140@gmail.com>
To: Kindell Whitley <Kindell.Whitley@co.gregg.tx.us>

Mon, Sep 12, 2016 at 2:12 PM

I do apologize for the inconvenience on your part it will never happen again.

Thank you

[Quoted text hidden]

**EXHIBIT 31** (Final Judgment)

Electronically Submitted
10/13/2016 11:14:38 AM
Gregg County District Clerk
By: Lindsey Kornegay ,deputy

<u>CAUSE NO. 2015-1679-CCL2</u>

| | | |
|---|---|---|
| **FELICIA PIERCE,** | § | |
| *Plaintiff* | § | |
| | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 2** |
| | § | |
| **DEBBIE BLALACK, et al,** | § | |
| | § | |
| *Defendants* | § | **GREGG COUNTY, TEXAS** |
| | § | |

<u>**FINAL JUDGMENT**</u>

On September 2, 2016, came on to be heard the Second Amended Motion to Dismiss of

certain Defendants[1] (hereinafter collectively "Movants") and of certain Defendants[2] who expressly

adopted by reference and joined in the Movants' Second Amended Motion to Dismiss.  The Court

received evidence and arguments from counsel and Plaintiff *pro se*.  Thereafter, the Court took the

matter under advisement.  After due consideration of the Second Amended Motion to Dismiss, the

---

[1] Movants include the following Defendants: East Texas Salt Water Disposal Company, Ricky Davis, Danmark East Texas Field L.P., Danmark Energy LP, Danmark Energy Services, Inc., Danmark Investment LP., Danmark Jacks Creek LP., Danmark Operating Company LLC., and Danmark Management LP (Daniel M. Mitchell), Breitburn Energy Partners LP, QRE Operating, LLC, Breitburn Operating LP, Breitburn Operating GP LLC, Breitburn GP LLC, Breitburn Management Company LLC, Transpetco Pipeline Company, L.P., D/B/A Transpetco Pipeline Company of Texas, L.P., Breitburn Florida LLC, QRE GP, LLC, Breitburn Energy Company, LP, Breitburn Operation, LP, (D/B/A) Breitburn OLP, Breitburn Energy Partners 1, LP, Breitburn Transpetco GP LLC, and Breitburn Transpetco LP LLC, Sunoco, Inc. (R&M), Sunoco LLC DBA Sunoco Wholesale LLC., Sunoco INC, (R&M), Sunoco Pipeline LP., Sunoco Partners NGL Facilities LLC., Sunoco Partners Marketing & Terminals LP., Sunoco Partners LLC., Sunoco Partners Lease Acquisition & Marketing LLC, Sunoco LP., DBA Sunoco MLP., LP., Sunoco Logistics Partners Operations GP., LLC., Sunoco GP LLC., Sunoco Energy Services LLC., and Sun Oil Company, and QREH GP, LLC (pending dismissal).

[2] Kerr -McGee Energy Services Corporation, Kerr - McGee Natural Gas Inc., Kerr -McGee Oil & Gas Onshore LP, And Kerr- McGee Shared Services Company LLC, Quantum Resources A1, LP., Quantum Resources B, LP, D/B/A Quantum B, LP., Quantum Resources C, LP., D/B/A Quantum C, LP., and Quantum Resources Management LLC D/B/A QR Management, LLC, James Pee, CitiFinancial Servicing, LLC and Andrew Riley.

1

Plaintiff's response, the various adoptions and joinders filed on behalf of other defendants, the documents received into evidence and the argument of counsel, the Court granted the Second Amended Motion to Dismiss, with prejudice, in a letter ruling issued on September 15, 2016. The Court has also considered Plaintiff's letter brief ("Response to Ruling on Motion to Dismiss") which was addressed to the Court and dated September 18, 2016 and the Plaintiff's Thirteenth Amended Petition which was filed with the Court just prior to the hearing on September 2, 2016, but which does not overcome the legal errors discussed in the Court's letter ruling of September 15, 2016.

The Court hereby RENDERS a final judgment WITH PREJUDICE to refiling in favor of Movants and all defendants on all claims and causes of action as alleged herein, as amended, including trespass to try title, slander of title, conspiracy to steal and commit fraud, civil conversion, trespass and Texas Theft Liability Act. Further, the Court

ORDERS that Movants and all defendants have judgment over and against Plaintiff on all claims and causes of action alleged herein and that Plaintiff's claims and causes of action against each defendant be fully and finally dismissed with prejudice, and that Plaintiff take nothing by virtue of those claims and causes of action, as amended, including trespass to try title, slander of title, conspiracy to steal and commit fraud, civil conversion, trespass and Texas Theft Liability Act. The Court further

ORDERS that Plaintiff's Motion for temporary and permanent injunctive relief be denied and that such claims be fully and finally dismissed with prejudice and that Plaintiff take nothing by such claims, as amended. The Court further

ORDERS that all other motions previously scheduled for hearing are hereby dismissed as moot. The Court further

2

ORDERS that the Notice of Lis Pendens recorded by Plaintiff Felicia Pierce in the Deed Records of Gregg County, Texas (#201612977) on or about August 15, 2016 will be void upon entry of this judgment in the absence of an appeal.  The Court further

ORDERS that all other relief requested by either party not expressly granted herein is denied.

This Judgment is final, disposes of all claims and all parties and is appealable.

SIGNED this ___13___ day of October, 2016.

PRESIDING JUDGE

3



FedEx Express

earthsmart

FedEx carbon-neutral
envelope shipping

USM P3
SDNY

Reusab                le

To reuse, cover or mark through any previous shipping information.

Align top of FedEx Express® shipping label here.

ORIGIN ID:DNEA  (972) 876-9710
FELICIA ANN PIERCE
9764 WATER TREE DR
MCKINNEY, TX 75070
UNITED STATES US

SHIP DATE: 10SEP18
ACTWGT: 1.60 LB
CAD: 6990133/SSF01904

TO USDC OF SDNY
ATTN: PRO SE INTAKE UNIT
500 PEARL STREET ROOM 200

NEW YORK NY 10007
(212) 805-0175        REF:



DEPT:

FedEx
Express

E

TRK# 7826 9075 0902          TUE – 11 SEP 10:30A
[0201]                       PRIORITY OVERNIGHT

06 PCTA                               10007
                                   NY–US EWR

Align bottom of peel-and-stick airbill or pouch here.

2018 SEP 11  PM 3:48
SDNY DOCKET UNIT
RECEIVED