UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re,

BREITBURN ENERGY PARTNERS LP,

                Debtor.

1:18-cv-4776 (ALC)

**OPINION AND ORDER**

------------------------------------------------------------x
FELICIA PIERCE,

                Appellant,

-against-

BREITBURN OPERATING LP,

                Appellee.
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Before the Court is an Appeal arising from an Order of the United States Bankruptcy Court for the Southern District of New York dated May 7, 2018 (hereinafter, the "Order"). The Order denied Felicia Pierce's (hereinafter, "Appellant" or "Ms. Pierce") Motion to Vacate Judgment, Motion Concerning Matters Related to Order Modifying the Automatic Stay, Motion to Vacate Judgment Due to Fraud on the Court, and Motion for Damages Due to Deprivation Caused by Debtor's Bankruptcy Filing for Reorganization.

After careful consideration, the Order is **AFFIRMED**.[1]

## BACKGROUND

The litigation history in this case is extensive. Multiple courts have taken their proverbial bite at the apple. In brief, at the outset of this litigation, Ms. Pierce claimed to have an interest,

---

[1] Also before the Court is Appellant's Motion for Request for Mandatory Judicial Notice. ECF No. 15. The documents accompanying Appellant's request for judicial notice were also attached to her Appeal. ECF No. 5. In deciding the instant Appeal, the Court considered all relevant documents attached, and there is no need for the Court to take judicial notice of the documents provided to the Court in Appellant's Motion. Therefore, Appellants Motion for Request for Mandatory Judicial Notice is hereby **DENIED**.

COPIES MAILED

based in ownership or otherwise, in property located in Texas (the "Property"). Mem. & Order Den. Mot. Vacate, ECF No. 1 ("Order"). Ms. Pierce alleges that one A.A. King ("King") wrongfully acquired the Property from Pierce's predecessors in interest many years ago. *Id.* p. 5. Ms. Pierce initially sought relief for her claims in the County Court at Law No. 2, Gregg County, Texas (the "Texas Court"). *Id.* The Chapter 11 cases followed. *Id.*

Upon initiation of the Chapter 11 cases, Pierce sought a stay so that she could fully litigate her claims in Texas Court. *Id.* Pierce's request for relief was granted, and she was afforded the opportunity to return to Texas to litigate her individual claims relating to a multitude of defendants. *Id.* However, Ms. Pierce continuously failed to adhere to warnings offered by the Texas Court to "join all parties and entities whose rights would be affected" by a ruling by the Texas Court in Ms. Pierce's factor. *Id.*; *see Pierce v. Blalack*, 535 S.W.3d 35, 43 (Tex. App. 2017) (stating that "the trial court twice ordered Pierce to amend her pleadings to join as Defendants in this cause all persons currently holding an interest in the 320 acres ... and provided her 90 days in which to do so."). Ms. Pierce attempted proper joinder thirteen times without success, and, nearly a year after the initial instructions were given, the Texas Court dismissed Ms. Peirce's claims with prejudice – a dismissal that constituted an adjudication on the merits under Texas law. *Id.*

Subsequently, Bankruptcy Court Judge Bernstein dismissed Ms. Pierce's initial adversary proceeding seeking to obtain declaratory, monetary, and injunctive relief stopping the debtors from drilling on property she alleged was hers on *res judicata* grounds. *See* Order. Following the dismissal, however, Judge Bernstein indicated that, should Ms. Pierce succeed in vacating, reversing or modifying the Texas Court's dismissal, she would then be allowed to refile her

2

adversary proceeding in Bankruptcy Court. *Id.* Ms. Pierce failed to obtain such an order, as the Texas Court affirmed its prior judgment. *Id.*

After the affirmation of the dismissal, Ms. Pierce once again turned to the Bankruptcy Court for relief by filing the multifaceted motion alluded to earlier. *Id.* p. 7. In the words of Judge Bernstein, Ms. Pierce sought to:

> "vacate the Judgment on the ground that the Texas Court lacked subject matter jurisdiction to render the judgment which formed the basis of this Court's dismissal on res judicata grounds and Breitburn's attorneys committed a fraud on this Court and on the Texas Court whose judgment [Judge Bernstein] relied on in dismissing the adversary proceedings."

*Id.*

In his well-reasoned decision, Judge Bernstein carefully addressed each of Petitioner's arguments. Judge Bernstein determined that the Texas Court did have jurisdiction to decide the questions presented despite the Stay Relief Order issued by the Bankruptcy Court. *Id.* p. 10. Additionally, Judge Bernstein ruled that Ms. Pierce was foreclosed from making any arguments pertaining to a fraud on the Texas Court, and that her arguments pertaining to a fraud on the Bankruptcy Court were without merit. *Id.* pp. 8-12.

Now, Ms. Pierce appeals the ruling of the Bankruptcy Court and its Order denying Petitioner's Motion to Vacate.[2]

## STANDARD OF REVIEW

In reviewing judgments rendered by bankruptcy courts, a district court functions as an appellate court. *See In re Sanshoe Worldwide Corp.*, 993 F.2d 300, 305 (2d Cir. 1993). A district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand

---

[2] Appellant seems to indicate that she is also appealing the decision rendered by the Bankruptcy Court in her initial adversary proceeding. Appellant Br., ECF No. 5 ("Appeal"). However, Appellant has waived her right to an appeal of the Order in her adversary proceedings by failing to comply with Federal Rule of Bankruptcy Procedure 8002(a)(1) ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.").

3

with instructions for further proceedings." Fed. R. Bankr. P. 8013. A district court reviews findings of fact for clear error. *Id.*; *see Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 91 (2d Cir. 2010). Conclusions of law, on the other hand, are reviewed *de novo*. *See In re Cody, Inc.*, 338 F.3d 89, 94 (2d Cir. 2003). For those questions containing a mix of factual and legal issues, the appropriate standard is the one accompanying the type of issue that predominates any mixed question. *See Serv. Emps. Int'l, Inc. v. Dir., Office of Workers Comp. Program*, 595 F.3d 447, 455 (2d Cir. 2010).

## DISCUSSION

Appellant's primary contention on appeal is that a fraud on the court exists. Ms. Pierce recycles her claim that the Bankruptcy Court's initial ruling dismissing Appellant's adversary proceedings on *res judicata* grounds was based on a void order arising from the Texas Court. The issues Appellant presents have been extensively litigated in three separate courts. This Court finds no reason to depart from the logic and rulings employed thus far.

### I. The Texas Court had Jurisdiction to Dismiss Appellant's Case

Appellant's claims stem from her longstanding contention that the Texas Court never had jurisdiction to dismiss her case. Appeal p. 15. She argues that, because the Texas Court rendered a decision in a matter in which they allegedly had no jurisdiction, that decision is void as a matter of law. *Id.* Appellant is correct that should a court issue a decision in case in which jurisdiction is not present, that decision is void as a matter of law. *See Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 362 (2d Cir. 2000) (In general, "a judgment rendered by a court lacking subject matter jurisdiction is subject to collateral attack as void ..."); *see Marks v. Blount-Lee*, 2017 WL 3098094, at *4-3 (E.D.N.Y. July 20, 2017) ("If a court lacks subject matter jurisdiction to adjudicate a claim, then any order entered by that court is void."). However, Appellant

4

remains incorrect in her assessment of the Texas Court's jurisdiction.

As explained by Judge Bernstein, the initiation of the proceedings in Bankruptcy Court and the Stay Relief Order issued did not strip the Texas Court of jurisdiction. Order pp. 6-8. Rather, the Stay Relief Order streamlined the proceedings and gave Appellant the opportunity to fully prosecute her claims in Texas prior to decisions being rendered pertaining to bankruptcy issues.[3] *Id.* The explicitly stated purpose of allowing Appellant to proceed in Bankruptcy Court was so she could either liquidate or attach her claims. *Id.* In accordance with this intention, Appellant fully litigated her claims in the Texas Court. *Id.* However, both the Greggs County, Texas, Trial Court and the Court of Appeals of Texas, Texarkana, found that her constant disregard for the court's orders to join the necessary parties was grounds for dismissal of the case. *Pierce*, 535 S.W.3d 35.

Appellant provides no other grounds or arguments that support her contention that the Texas Court did not have jurisdiction to render a decision in her case. As such, this Court agrees with the rulings of the courts in Texas and the Bankruptcy Court. The Texas Court did have jurisdiction to render a decision, and therefore that decision is not void for lack of jurisdiction.

## II. Appellant's Claims of Fraud on the Court are Without Merit

While Appellant has raised many different arguments throughout the life of this case pertaining to frauds on various courts, her Appeal indicates that the alleged fraud she is contesting is on the Bankruptcy Court.[4] Specifically, the fraud on the Bankruptcy Court is that Judge Bernstein "blindly follow[ed]" the decision rendered by the Texas Court, which Appellant claims was void due to lack of jurisdiction. Appeal p. 20.

---

[3] For a more detailed explanation of the purposes of Stay Relief Orders, see Judge Bernstein's Opinion. *See* Order.
[4] Any claim by Appellate alleging a fraud on the Texas Court is impermissibly brought in this Court. *See In re Breitburn Energy Partners L.P.*, 2018 WL 2121805, at *5 (S.D.N.Y. May 7, 2018) ("A claim of fraud on the court must be made in the court that was allegedly defrauded.") (citing *O'Neill v. Hernandez*, 2010 WL 1257512, at *14 (S.D.N.Y. Mar. 25, 2010)); *see also Wagner Spray Tech Corp. v. Wolf*, 113 F.R.D. 50, 52 (S.D.N.Y. 1986).

5

"Fraud upon the court is limited to that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *In re Trico Marine Servs., Inc.*, 360 B.R. 53, 57 (Bankr. S.D.N.Y. 2006) (quoting *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699 (2d Cir. 1972)). Conduct of a court, an officer of the court, or a litigant may give rise to a fraud on the court. *In re Clinton Street Food Corp.*, 254 B.R. 523, 532 (Bankr. S.D.N.Y. 2000) (collecting cases). A party asserting fraud on the court must demonstrate, by clear and convincing evidence, "some unconscionable scheme calculated to interfere with the judicial system." *Passlogix, Inc. v. 2FA Technology, LLC*, 708 F.Supp.2d 378, 393-94 (S.D.N.Y. 2010).

As discussed, the Texas Court appropriately exercised jurisdiction over the matter following the Stay Relief Order. Therefore, the decision was not void. Additionally, Judge Bernstein engaged in a thorough examination of the issues presented by Appellant at the various stages of this litigation and produced an independent analysis and opinion on said issues. *See* Order. Appellant provides no alternative evidence of any fraud on the Bankruptcy Court. She fails to demonstrate an "unconscionable scheme" aimed at disrupting the impartial adjudication of her case. *Passlogix*, 708 F.Supp.2d at 393-94. Furthermore, she fails to indicate how her arguments and contentions present issues different than the ones addressed by the courts in Texas and the Bankruptcy Court.

Considering the lack of evidence or support for her contentions and the appropriate consideration placed on the Texas Court's ruling by Judge Bernstein, Appellant has failed to demonstrate a fraud on the Bankruptcy Court.

## CONCLUSION

As stated, courts in Texas and New York have thoroughly litigated the issues presented in the instant appeal. The Court finds no reason to disturb the previously rendered decisions. Appellant has alleged no new facts and gives this Court no indication that her grounds for appeal are based in newly presented issues.

For the aforementioned reasons, the Bankruptcy Court's decision is hereby **AFFIRMED**.

**SO ORDERED.**

**Dated: June 20, 2019**
      New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**